## Allen M. Barker v. Henry Smith.

1. Justices of the Peace—*Entitling Cases Before.*—An error in entitling a suit before a justice of the peace is not controlling where the defendant is properly served with notice and appears and defends without objection.

Trial of the Rights of Property.—Appeal from the County Court of Hamilton County; the Hon. Charles B. Thomas, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

W. S. Cantrell, G. W. Hogan and W. B. Flannigan, attorneys for appellant.

Webb & Lane and A. C. Barnett, attorneys for appellee.

Mr. Justice Creighton delivered the opinion of the court. This was a trial of the rights of property before a justice

of the peace of Hamilton county, resulting in a judgment in favor of appellee for the property in question, and for $18.15 costs of suit, against appellant. From this judgment appellant appealed to the County Court, where, upon motion of appellee the court dismissed the appeal and rendered judgment against appellant for costs.

One of the constables of Hamilton county received in due course an execution against certain defendants therein named, and levied the same on the property in question as the property of such defendants in execution. Appellee served notice in writing on the constable, claiming the property levied on. The constable returned the notice to the justice who had issued the execution. The justice fixed August 13, 1898, as the day for trial of the rights of property, issued notice thereof to appellant, appellee and certain other persons named in the notice, and delivered the same to the constable to serve. The constable returned the notice served only upon appellant and appellee. The justice in entering the case on his docket entitled or styled it "Henry Smith v. J. R. Cross, assignee of Allen Barker." "Action, right of property." After the minute showing the filing of appellee's notice claiming the property, and the fixing of the day for trial, the transcript recites:

"Now on this day, August 13, 1898, it being the day and hour set for trial, the parties met in court and answered for trial, and after hearing the evidence in the case, it is ordered by the court that the plaintiff, Henry Smith, have a judgment against said defendant, Allen Barker, for the sum of eighteen dollars and fifteen cents, costs of suit; and the court finds from the evidence that the property belongs to the plaintiff, Smith, this August 13th, 1898.

J. M. BLADES, J. P. [SEAL.]

"Appealed to County Court August 13, 1898."

The transcript contains the usual certificate, and, accompanied by the papers in the case, including a proper appeal bond executed with sureties, was by the justice sent up to the County Court and filed therein. All in due form, in apt time and sufficient in substance, except that the justice failed to indorse his approval on the appeal bond; but it is

not claimed that the bond is in fact defective or insufficient in any respect.

Upon the coming on of the case to be heard in the County Court, appellee moved the court to dismiss appellant's appeal, on the alleged ground that appellant was not a defendant in the case before the justice and had no right to appeal, and because the justice had not indorsed his approval on the appeal bond. The court allowed the motion, dismissed the appeal, and rendered judgment against appellant for costs. This is error.

Why the justice entitled the case as he did does not appear, but under the facts disclosed by this record the particular form or style of title given to the cause by the justice is not controlling. Appellant was served with notice that he might appear and defend as against appellee's claim, and as appears from the officer's return, was the only party so served. He did appear and defend, and so far as the record discloses, is the only party that did appear or defend. Judgment was rendered against him as defendant, and by name, and he is the only party against whom judgment was rendered. He had a right to appeal, and in due time executed and delivered to the justice a good and sufficient appeal bond, which the justice accepted and forwarded to the court to which the appeal was taken. True, the justice did not evidence his approval of the bond by writing on it, but he fully did so by accepting and acting upon it.

We do not deem it important to discuss at length any of the other errors assigned.

The action of the court in denying appellant's motion for continuance is now of no importance, since no evidence was heard and the case was not tried on the facts.

As we view the case no harm came to appellant on account of the denial by the court of his general motion for leave to amend all the papers in the proceeding had before the justice. We fail to find wherein they needed amendment in any material respect.

The judgment of the County Court is reversed and the cause remanded.