## Joseph W. Smith v. E. W. Ammen et al.

1.  APPEAL BONDS—*What Amounts to an Approval of.*—The acceptance by a justice of the peace of an appeal bond, marking it filed and expressing his satisfaction with the security, amounts to an approval of such bond.

Bill for an Injunction.—Appeal from the Circuit Court of Douglas County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed April 9, 1902.

In the Circuit Court, appellees filed a demurrer to appellant's bill for injunction, reciting that on the 2d of March, 1901, appellee Jasper McCandless, recovered a judgment against him before appellee McKnight, a justice of the

peace, for $64.44; that he was not present at the trial but was represented by counsel; that the judgment was unjust and that he owed McCandless nothing; that he filed with the justice, on the 20th of March, 1901, an appeal bond in the sum of $150, with good and sufficient security, which was accepted by McKnight, indorsed as follows: "Filed this 20th day of March, A. D. 1901," which bond has been in the possession of the justice ever since; that McKnight did not indorse his approval on the bond any further than is indicated by the words above quoted, but wrote appellant that the security was sufficient; that McKnight refused to send the transcript of the judgment to the County Court of Douglas County, to which appeal was taken, for the alleged reason that appellant did not pay to him $1.10 within twenty days after rendering judgment, which amount, he claimed, was the cost of appeal; that on April 20, 1901, execution was issued from said judgment by said McKnight and placed in the hands of appellee Ammen, constable of said county, to execute; that Ammen on the 24th of June levied upon two work horses of appellant and advertised the same for sale; and that he will sell the said property unless restrained by a writ of injunction.

The bill prays for an injunction, and a temporary injunction was granted. At the October term, 1901, of the Circuit Court, the court sustained a demurrer to the bill and dissolved the injunction, decreeing that the bill be dismissed for want of equity. Appellant excepted and brings the case here by appeal.

E. J. Miller, solicitor for appellant.

John H. Chadwick, solicitor for appellees.

Mr. Justice Harker delivered the opinion of the court.

It appears from the recitals in the bills that the only reason why McKnight refused to indorse a formal approval on the appeal bond and send to the County Court a transcript of the case and the papers therein was the refusal of appellant to pay him $1.10 costs. While McKnight was

entitled to payment of his services as performed, he was not entitled to $1.10 before approving the appeal ·bond. We are of the opinion, too, that the acceptance of the bond by him, marking it filed and expressing his satisfaction with the security, amounted to an approval of it. We have already held at this term of court, in the case of Smith v. McCandless, that the County Court erred in not granting a rule asked for in that court by appellant against McKnight, as justice, to send up to that court a transcript of the judgment rendered by him, and the papers in the case.

It is contended by appellees that appellant had an adequate defense at law, if the recitals in his bill are true, and that having neglected to interpose his defense when the suit was pending before the justice of the peace, he can not resort to equity to enjoin the collection of a judgment there regularly entered against him. There is no force in the contention. By taking an appeal, the case was still pending, and the force of the injunction was to stay the proceedings until the rights of the parties should be determined in the court appealed to. It is also contended that appellant had a remedy by certiorari, and it is asserted that the Circuit Court dismissed the bill for that reason. This point is not well made. There was no ground for a certiorari and no legal petition could have been framed upon the facts. It nowhere appears that any fact or condition existed to prevent an appeal in the usual way. As a matter of fact, the appeal was taken in the usual way. The decree will, therefore, be reversed and the cause remanded, with directions to the Circuit Court to overrule the demurrer to the amended bill.

Reversed and remanded.