(No. 25915—)
J. N. Sluis *et al.* Appellees, *vs.* S. L. Nudelman, Director of Finance, *et al.* Appellants.

*Opinion filed Feb. 14, 1941—Rehearing denied June 4, 1941.*

John E. Cassidy, Attorney General, (Montgomery S. Winning, and Leonard H. Lawrence, of counsel,) for appellants.

Joseph J. Augustus, for appellees.

Mr. Chief Justice Gunn delivered the opinion of the court.

Appellees, J. N. Sluis, doing business as N. Sluis & Sons, and H. A. Sholes and Company, a corporation, brought suit in the superior court of Cook county, Illinois, to enjoin the

Director of Finance and the State Treasurer of the State of Illinois from collecting taxes claimed to be payable from appellees under the Retailers' Occupation Tax act. Upon a hearing the court held the business of appellees was not taxable and entered a permanent injunction against appellants. The revenue of the State being involved, an appeal is taken from such decree to this court.

Appellees are in the business of selling seeds to farmers engaged in the tillage of the soil, and come within the terms of rule No. 60 of the Department of Finance, which is as follows: "Sale of seeds. Sale of seeds to a person who plants them in the soil for the purpose of growing agricultural products are sales to a purchaser for use or consumption and not a sale for the purpose of resale. Seeds are deemed to be used or consumed in the process of producing other products, and sellers thereof for this purpose become liable for retailers' occupation tax." The superior court decreed that sales to farmers and others engaged in the tillage of soil as a business were not sales to purchasers for use or consumption, but were sales for purposes of resale; that seeds were not used or consumed in the process of producing other products, and, therefore, the business of selling them was not taxable under the law.

The evidence introduced consists largely of a scientific discourse on the processes of nature through which plant life reproduces itself from seeds, with the theoretical result that seeds are not used or consumed when placed in the soil, but because the growing plant is but a continuation of the life of the seed it thereby enters into personal tangible property for resale,—that is, into the grain or crop produced from the seed.

We agree with counsel that there is no reported decision in Illinois precisely covering the point involved, perhaps because the legislature, in enacting the law, did not make a distinction between the kinds of personal property which were inanimate, those which contained dormant life, and

those which were living organisms. The tax is placed upon the occupation engaged in the sale of tangible personal property, and, certainly, seeds come within that definition.

The law provides, however, to make the occupation taxable, that such tangible personal property shall be transferred to a purchaser for use or consumption and not for resale in any form as tangible personal property. (Ill. Rev. Stat. 1939, chap. 120, pars. 440, 441.) Are seeds used or consumed by the farmer or are they resold as tangible personal property after being used for propagation purposes? In our view, the use of seeds consists in putting them into the ground. When a given quantity of seed of any kind is placed in or over a given quantity of land it is used, whether or not it germinates and grows, as it can never again be recovered or collected for seed purposes. Favorable conditions may cause it to germinate and become a plant. This plant has thereafter ceased to be a seed. The growing plant is not tangible personal property for resale, but continued growth, together with cultivation, will cause it to develop to maturity and produce seed like that sown in multiplied form, or, in case of the various grasses, it becomes usable before the seed matures. This product is salable. The purchaser of the seed does not make the product salable. The use he makes of it, together with the processes of nature, produce the result. To say that the purchaser of seed, by sowing it in the soil, thereby produces tangible personal property for resale overlooks the fact the original seed has become useless and has lost its identity as seed. By the same reasoning, fertilizer placed upon the soil could be said to be used for resale because, by the chemistry of nature, it increased the crop.

We have held that the occupation of selling fruit trees is taxable notwithstanding some day the trees may produce fruit, which is tangible property. (*Nelson & Sons Co.* v. *Department of Finance,* 365 Ill. 401.) The law makes no distinction between animate and inanimate property. Nor

does a person engaged in the occupation of selling printer's ink to be placed on letterheads cause the product to remain ink because, in some form, the ink remains upon the commercial article sold. (*Acme Printing Ink Co.* v. *Nudelman,* 371 Ill. 217.) In that case this court said: "Too much emphasis should not be placed upon the words of section I 'not for resale in any form' for if the ink has been consumed in the process of printing it cannot then be said that it is at the same time capable of resale or transfer." So here, if the seed, by placing it in the ground, has been used in such manner that it is no longer capable of resale or transfer, the seller's occupation comes within the act.

We may marvel at the process of nature by which plant life springs from a seed, but to the every day merchant and farmer seed is an article of commerce; its sale is a sale of tangible property; it is a cost of agriculture; it is a taxable expense. Seed is not sown to produce seed but is sown so that, with the aid of nature, revenue may be obtained from the soil. We are unable to agree with the superior court that the purchaser of seeds from a dealer does not use or consume them within the meaning of the statute.

Appellees also claim that there is an arbitrary discrimination in the rules laid down by the Department of Finance applying to seed dealers and to feed dealers. The rule with respect to the feed dealers is entirely separate and is not in issue in this case. It has no bearing upon the validity of rule No. 60, which is the only one in issue. We are of the opinion that the latter rule is not subject to the objections made by appellees.

The judgment of the superior court is reversed and the cause is remanded, with directions to dismiss the complaint for want of equity.

*Reversed and remanded, with directions.*