(No. 32883.—

THE PEOPLE *ex rel.* Morris D. Spiegel, Appellee, *vs.* RICHARD J. LYONS, Director of Revenue, Appellant.

*Opinion filed November 18, 1953.*

410

Latham Castle, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, and A. Zola Groves, of counsel,) for appellant.

Mr. Chief Justice Schaefer delivered the opinion of the court:

The Director of the Department of Revenue appeals from a judgment order of the circuit court of Cook County which awarded a writ of *mandamus* directing him to collect taxes under the Retailers' Occupation Tax Act from persons engaged in the sale of seeds, and to promulgate regulations concerning the imposition of the tax upon those persons. The appeal comes directly to this court because the revenue is involved.

The action was instituted on the relation of Morris D. Spiegel, a taxpayer. The complaint alleged that the Retailers' Occupation Tax Act does not exempt from its provisions those who sell seeds at retail, but that the Department of Revenue has nevertheless adopted its Rule 33 which provides, in part:

"1. *Sellers of seeds—When liable for tax.* When persons who are engaged in the business of selling seeds sell

seeds to purchasers who use the seeds in raising lawn grass, vegetables, crops or other plants which they will use or consume and not resell, such vendors are engaged in the business of selling tangible personal property to purchasers for use or consumption and are required to remit Retailers' Occupation Tax to the Department at the rate of 2 per cent of 98 per cent of their gross receipts from such sales.

"2. *Sellers of seeds—When not liable for tax.* Persons who sell seeds to purchasers who employ such seeds in raising vegetables, crops or other plants for sale are selling seeds to purchasers for purposes of resale and are not required to remit Retailer's Occupation Tax measured by their gross receipts from such sales."

The complaint alleged that paragraph 2 of Rule 33 is contrary to the statute and that it illegally deprives the State of large amounts of revenue. It also alleged that the action of the Department in promulgating and enforcing this regulation was intentional, illegal and fraudulent. Asserting that no other remedy is available to himself or other taxpayers of the State, plaintiff prayed for a writ of *mandamus* directed to the Director of the Department of Revenue commanding him forthwith to amend and correct Rule 33 to conform to the provisions of the Retailers' Occupation Tax Act, and to assess and collect all taxes due under the act.

The defendant moved to dismiss on the ground that the complaint failed to state facts warranting the issuance of a writ of *mandamus* because "(1) *Mandamus* will not be awarded except where the duty to act is specific in nature. (2) The exercise of a legal duty by a public officer will not be required by the writ of *mandamus* where discretion is to be exercised in the performance of that legal duty. (3) To grant the relief sought in the prayer of the petition would entail wrongful assumption of an executive function by the judiciary for the prayer requests the Court to command the defendant to amend and correct Rule 33

of the Department's Rules and Regulations." The motion to dismiss was overruled, defendant elected to stand by his motion, and this appeal followed. No brief has been filed on behalf of the plaintiff.

Before we reach the merits of the case, it is necessary to consider defendant's objection to the propriety of the remedy of *mandamus,* which is renewed in this court. While it appears that this is the first case reaching this court in which a taxpayer has sought by *mandamus* to compel the assessment and collection of retailers' occupation taxes, the remedy is well established as a means of enforcing the performance of statutory duties with respect to the assessment and collection of taxes generally. In *People ex rel. Jones* v. *Webb,* 256 Ill. 364, after a full discussion, this court held that *mandamus* was the appropriate remedy to compel the listing of property which had been omitted from the assessment rolls. In *State Board of Equalization* v. *People ex rel. Goggin,* 191 Ill. 528, where the State Board of Equalization had arbitrarily assessed the capital stock and franchises of certain corporations at grossly inadequate amounts under rules passed by it for the occasion, a writ of *mandamus* was awarded requiring an assessment at a fair valuation. The propriety of the remedy to compel the assessment of omitted property has been assumed or expressly recognized in the following cases, among others: *People ex rel. Patton* v. *Sellars,* 179 Ill. 170; *County of Cook* v. *Columbia Ins. Co.* 329 Ill. 189; *Bistor* v. *Board of Assessors,* 346 Ill. 362; *People ex rel. Parker* v. *Board of Appeals,* 367 Ill. 559.

There is no peculiarity about the assessment and collection of the particular tax here involved which renders inapplicable the precedents which have developed in connection with other taxes. We hold that the remedy of *mandamus* is appropriate to compel the performance of official duties in connection with the retailers' occupation tax, as in connection with other taxes.

Nor was the complaint in this case defective because it prayed the issuance of the writ to compel the defendant to "promulgate lawful and reasonable rules or regulations" with respect to the imposition of the tax upon the sale of seeds. What was said in *People ex rel. City of Chicago* v. *Board of Review,* 326 Ill. 124, at 141, concerning a writ of *mandamus* directing the board of review to make reasonable and proper rules for the orderly dispatch of its business, is pertinent here: "The law made it the duty of the board to act, and it may be compelled by the writ of *mandamus* to act in the discharge of the duty enjoined by law by making and publishing rules. Of course, the writ cannot command the board as to the form of the rules, but they must be of a character contemplated by the statute. * * * The board and its members have a right to exercise their judgment and discretion as to the form and character of the rules, but they have no discretion, in the discharge of the duty enjoined upon them, whether or not to make and publish rules. *People* v. *Board of Supervisors,* 294 Ill. 579."

Although the remedy which plaintiff has pursued is appropriate as a matter of procedural law, it does not follow that he is entitled on the merits to the relief he seeks. The legislative, administrative and judicial history of section 1 of the Retailers' Occupation Tax Act, as brought to our attention, makes it clear that sales of seeds of the type described in paragraph 2 of Rule 33 are not subject to the tax. Prior to 1941, the administrative regulation governing the sale of seeds was Rule 60 of the Department of Finance, which provided: *"Sale of Seeds.* Sale of seeds to a person who plants them in the soil for the purpose of growing agricultural products are sales to a purchaser for use or consumption and not a sale for the purpose of resale. Seeds are deemed to be used or consumed in the process of producing other products, and sellers thereof for this purpose become liable for retailers' occupation tax."

The validity of this regulation, and the taxability of sellers of seeds, came before this court in *Sluis* v. *Nudelman*, 376 Ill. 457. It was there held that sales of seeds to persons engaged in farming were sales of tangible property for use or consumption and not for resale, and hence those who made such sales were subject to the tax.

The *Sluis case* was decided on February 14, 1941. The General Assembly was then in session and it amended section 1 of the statute by adding the following provision: "Sales of tangible personal property, which property as an ingredient or constituent goes into and forms a part of tangible personal property subsequently the subject of a 'sale at retail,' are not sales at retail as defined in this Act." (Laws of 1941, vol. 1, p. 1079, at 1080. Approved May 29, 1941.) In 1943, and again in 1945, section 1 was amended and the quoted provision was re-enacted. (Laws of 1943, vol. 1, p. 1132; Laws of 1945, p. 1278.) It has remained a part of section 1 continuously since 1941. Ill. Rev. Stat. 1953, chap 120, par. 440; Jones Ann. Stat. 119.450.

After the amendment of section 1 in 1941, the Director of the Department of Finance promulgated Rule No. 33, set forth above. Paragraph 2 of that rule, which is here under attack, provides that "Persons who sell seeds to purchasers who employ such seeds in raising vegetables, crops or other plants for sale are selling seeds to purchasers for purposes of resale * * *" and hence are not subject to the tax. The sequence of events strongly suggests, as the defendant argues, that the 1941 amendment was designed to change the rule of the *Sluis case*. The provisions of Rule 33 appear to fall reasonably well within the natural meaning of the words of the 1941 amendment. That the statute has remained unaltered through successive sessions of the General Assembly since 1941 indicates legislative acquiescence in the contemporary and continuous administrative interpretation. It follows that transactions of the

type described in section 2 of Rule 33 of the Department of Revenue do not measure a tax.

The order of the circuit court of Cook County is reversed and the cause remanded, with directions to sustain defendant's motion to dismiss.

*Reversed and remanded, with directions.*