MITTIE GREENARCH, Admrx., Appellee, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(THE STATE OF ILLINOIS,
Appellant.)

*Opinion filed January 24, 1957—Rehearing denied March 19, 1957.*

LATHAM CASTLE, Attorney General, of Springfield,
(MARK O. ROBERTS, and CHARLES H. EVANS, of counsel,)
for appellant.

JOHN ALAN APPLEMAN, of Urbana, and ALFRED H.
REICHMAN, of Champaign, appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the
court:

This case comes to this court on direct appeal from the

circuit court of Piatt County, as the validity of a statute or a construction of the constitution is involved and the State of Illinois as employer is an interested party.

Clayton Greenarch, an employee of the State of Illinois, filed an application before the Industrial Commission claiming benefits under the Workmen's Compensation Act for an alleged accidental injury occurring on July 10, 1952, and allegedly arising out of and in the course of his employment. While this claim was pending claimant died and thereafter Mittie Greenarch filed a claim as the dependent widow of deceased for death benefits under the Workmen's Compensation Act and also pursued, as administratrix, the claim previously filed by deceased for benefits accruing prior to his death. The claims were consolidated and heard by the arbitrator of the Industrial Commission and as a result of this hearing awards were made by the arbitrator in favor of the plaintiff both as administratrix and as dependent widow.

The State of Illinois, as employer, filed a petition for review of the arbitrator's decision by the Industrial Commission. On review the Industrial Commission found that the deceased did not sustain compensable accidental injury within the purview of the Workmen's Compensation Act and the award of the arbitrator was reversed and set aside, and the Industrial Commission, by its decision, held that plaintiff, both as administratrix and as dependent widow, was not entitled to benefits under the Workmen's Compensation Act.

Thereafter, plaintiff-appellee filed a petition for writ of common-law *certiorari* in the circuit court of Piatt County and the writ issued. A motion was filed by the State of Illinois to quash the writ and dismiss the petition on the grounds that (1) the circuit court was without jurisdiction in that the proceeding was a suit against the State of Illinois and, as such, was prohibited by section 26 of article IV of the constitution, (2) the circuit court was with-

out jurisdiction to review a decision of the Industrial Commission on claims by employees of the State against the State of Illinois, and (3) even if common-law *certiorari* would lie, the requested review would be a nullity because the Industrial Commission had lost jurisdiction to take further action on the claim.

The motion of the State of Illinois to quash the writ and dismiss the petition was overruled and the State of Illinois elected to stand upon the motion. Judgment was entered in the circuit court in and by which judgment the Industrial Commission was directed to expunge the orders heretofore entered by it in the case and to reinstate and confirm the awards of the arbitrator in favor of plaintiff-appellee as administratrix and as dependent widow and against the State of Illinois.

Section 26 of article IV of the constitution provides: "The state of Illinois shall never be made defendant in any court of law or equity." The proceeding in question is specifically directed against the State of Illinois as a party from whom relief is sought.

The State has elected to provide and pay compensation according to the provisions of the Workmen's Compensation Act. (Ill. Rev. Stat. 1955, chap. 48, par. 138.2.) Thus, the relief sought in this proceeding is to compel the State to pay benefits as provided in that act and the State is the real party in interest. It has many times been held that under such circumstances the action falls within the constitutional prohibition and cannot be maintained. *Moline Tool Co.* v. *Department of Revenue,* 410 Ill. 35; *Posinski* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 376 Ill. 346; *Schwing* v. *Miles,* 367 Ill. 436.

The State of Illinois elected to be bound by the Workmen's Compensation Act, in the manner and to the extent as determined by the legislature. Without such election and the necessary corollary of consent on the part of the

State, by and through the legislature, to the submission to claims made by State employees under the terms of the act, no action against the State would be available to State employees for injuries suffered in the course of their employment. The legislature saw fit in the making of such election and the granting of such consent to make the decision of the Industrial Commission on claims for benefits on behalf of employees of the State of Illinois under the Workmen's Compensation Act final, and judicial review thereof is prohibited. (Ill. Rev. Stat. 1955, chap. 48, par. 138.19(f)(1).) Such provision does not violate the constitution as a delegation of legislative or judicial power to the Industrial Commission nor does it discriminate against State employees. The extent of the State's election to be bound by the Workmen's Compensation Act and consent to acceptance of liability for benefits thereunder is limited by the act. The wisdom of the policy of the legislature in this respect is not a matter for judicial inquiry.

The action of appellee in suing out the common-law writ of *certiorari* rather than following the appellate procedure as delineated in the Workmen's Compensation Act, which said appellate procedure is made inapplicable to claims on behalf of employees of the State of Illinois, is patently an attempt to accomplish indirectly that which cannot be accomplished directly.

Neither the common-law writ of *certiorari* nor the statutory writ of *certiorari* is available to employees of the State of Illinois to review the final decision of the Industrial Commission. The circuit court of Piatt County erred in ordering the Industrial Commission to expunge its order and to reinstate the award of the arbitrator.

In view of our opinion herein expressed, we see no necessity for consideration of other errors urged and argued.

The judgment of the circuit court of Piatt County is

454

reversed. and the cause remanded with directions to that court to grant the motion by the State of Illinois to quash the writ of *certiorari* and dismiss the petition.

*Reversed and remanded, with directions.*