(No. 37623.—

REPUBLIC STEEL CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES WRIGHT, Defendant in Error.)

*Opinion filed January 22, 1964.—Rehearing denied March 16, 1964.*

UNDERWOOD, J., dissenting.

STEVENSON, CONAGHAN, HACKBERT, ROOKS AND PITTS, of Chicago, (HARLAN L. HACKBERT and DOUGLAS F. STEVENSON, of counsel,) for plaintiff in error.

HENRY TIERSKY and SCOTT VITELL, of Chicago, (GEORGE W. ANGERSTEIN and SIDNEY Z. KARASIK, of counsel,) for defendant in error.

Mr. JUSTICE HOUSE delivered the opinion of the court: Petitioner was granted a writ of error to review an order of the circuit court of Cook County quashing the writ of *certiorari* previously issued by said court to review an award by the Industrial Commission in favor of respondent, James Wright.

On respondent's application for adjustment of claim, the arbitrator awarded compensation to be paid by petitioner, Republic Steel Corporation, arising from an accident of April 20, 1960. On January 25, 1962, the In-

dustrial Commission affirmed the award, ordered it to stand as the decision of the commission and fixed bond at $20,000.

Republic filed its *praecipe* for a writ of *certiorari* and presented its surety bond for $20,000 to the clerk of the circuit court in apt time. The corporate surety was one approved by standing order of the court. The clerk checked the surety and the identification of the attorney-in-fact who executed the bond on its behalf and said to counsel presenting it, "Its O.K.". However, he did not sign the statement on the face of the bond reading: "The foregoing bond and securities are hereby approved," nor did he make any other formal record of his approval of the bond. The *praecipe* and bond were both marked "filed" and the bond was registered the following day. Respondent's motion to quash the writ for lack of jurisdiction, on the ground that there was no approval by the clerk of the bond or surety endorsed on the bond, was allowed and this appeal is from the order quashing the writ.

Section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1961, chap. 48, par. 138.19) provides in part "* * * the surety or sureties of said bond shall be approved by the clerk of said court," and has been in effect without substantial change since it was added by amendment in 1917. The provision for approval by the clerk was construed by this court in *Village of Glencoe* v. *Industrial Com.* 354 Ill. 190, to be jurisdictional and it was held that the record must affirmatively show approval of the bond. This holding has been construed by the parties, and apparently by the bench and bar, to require that approval be signified by the clerk's signature on the bond.

The case before us is indistinguishable from *Glencoe*. This is conceded by petitioner, but it asks that the holding in the *Glencoe* case be reconsidered and, upon reconsideration, overruled. Apparently the same arguments were advanced and the same cases cited to this court in *Glencoe* that have been advanced and cited here. However, we have the ad-

vantage of observing the trend in the intervening thirty years. The tendency is to simplify procedure, to honor substance over form and to prevent technicalities from depriving a party of the right to be heard. This is exemplified by the Practice Act, which became effective just a few days after the *Glencoe* decision became final, and its liberal interpretation by the courts since that time.

The statute does not require written approval by the clerk on the face or any other part of the bond. Where, as here, the clerk accepts a bond tendered to him and files it without objection, there is a presumption of approval and it is unnecessary for him to indorse his approval upon the bond to satisfy the statute. The holding in *Village of Glencoe* v. *Industrial Com.* 354 Ill. 190, is overruled in so far as it requires formal written approval of a bond by the clerk. This view is more nearly in accord with the holdings relative to approval of bonds on appeal, (*Waldo* v. *Averett,* 1 Scam. 487; *Commerce Vault Co.* v. *Hurd,* 73 Ill. App. 107; *Barker* v. *Smith,* 90 Ill. App. 595; *Smith* v. *Ammen,* 101 Ill. App. 144,) which indicate that acceptance of the bond by the proper officer constitutes approval of the bond.

The order of the circuit court of Cook County quashing the writ of *certiorari* is reversed and the cause is remanded, with directions to the court to proceed with a hearing on the merits.

*Reversed and remanded, with directions.*

Mr. JUSTICE UNDERWOOD, dissenting:

The factual situation in this case is identical with that in *Village of Glencoe* v. *Industrial Commission,* 354 Ill. 190, decided in 1933, and there has been no change in the governing statute. While I doubt that I would have reached the conclusion in Glencoe which the Court there announced, the construction of the statute there adopted has stood unchanged for thirty years, and the General Assembly has not deemed an amendment of the statute necessary. This

Court has repeatedly observed that a statutory construction long acquiesced in by the legislature will not be changed by judicial fiat solely because the present members of the Court believe a contrary result more desirable. *Neff* v. *George,* 364 Ill. 306, 309; *Heimgaertner* v. *Benjamin Electric Mfg. Co.,* 6 Ill.2d 152, 166, 167; *People ex rel. Spiegel* v. *Lyons,* 1 Ill.2d 409, 414; *Republic Steel Corp.* v. *Industrial Commission,* 26 Ill.2d 32, 46, 47.

Petitioner seeks only a change in existing law. Its arguments in support thereof, under our form of government, are properly addressed to the legislative branch. Departure from this principle serves only to lessen the certainty and stability of the law. I therefore must respectfully dissent from the majority view.