(No. 42785.—

Joseph Raschillo, Appellee, *vs.* The Industrial Commission *et al.*—(State of Illinois, Appellant.)

*Opinion filed Dec. 4, 1970.—Rehearing denied Jan. 27, 1971.*

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE and ROBERT B. WILLIAMS, Assistant Attorneys General, of counsel,) for appellant.

THOMAS C. BRADLEY, of Chicago, for appellee.

Mr. JUSTICE BURT delivered the opinion of the court:

This is a direct appeal from the final order of the circuit court of Cook County which declared section 19(f)(1) of the Workmen's Compensation Act unconstitutional. This section provides that in cases of claims against the State of Illinois, the decision of the Industrial Commission shall not be subject to judicial review. The petitioner, Joseph Raschillo, after a decision by the Industrial Commission affirming the decision of the arbitrator concerning the claim in question, filed a petition under section 19(h) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1967, ch. 48, par. 138.19(h), requesting that the Industrial Commission review its award on the alleged grounds that his disability had reoccurred and increased. After a hearing was held, the majority of the Industrial Commission rendered a decision denying the petition.

In August of 1969, the petitioner, acting under section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.19(f)(2), filed a *praecipe* with the circuit court of Cook County causing a writ of *certiorari* to be served on the Industrial Commission and a writ of *scire facias* be served on the respondent. The respondent filed a motion to dismiss in the circuit court on the grounds that the court was without jurisdiction to review the decision of the Industrial Commission by reason of section 19(f)(1) of the Workmen's Compensation Act. The court entered an order granting leave to file a special and limited appearance and denying the request for dismissal. The final order of the circuit court held that the court did have jurisdiction

of the parties and the subject matter, that the petitioner was entitled to certain additional compensation, and that section 19(f)(1) was unconstitutional.

This appeal followed. The relevant portions of section 19(f)(1) state as follows: "Except in cases of claims against the State of Illinois, in which case the decision of the Commission shall not be subject to judicial review, the Circuit Court of the county where any of the parties defendant may be found, or if none of the parties defendant can be found in this State then the Circuit Court of the county where the accident occurred, shall by writ of *certiorari* to the Commission have power to review all questions of law and fact presented by such record." The appellant seeks a reversal of this decision on the basis that it is violative of the doctrine of sovereign immunity, Illinois constitution, article IV, section 26; and that this statute is not unconstitutional under section 22 of article IV.

The first issue to be considered is whether the doctrine of sovereign immunity is applicable to the statute in question, and therefore is a constitutional bar to review of workmen's compensation claims against the State by the courts. The doctrine of sovereign immunity in Illinois states that, "The state of Illinois shall never be made defendant in any court of law or equity." (Ill. Const., art. IV, sec. 26.) As the appellant points out, this court in *Greenarch* v. *Industrial Com.*, 10 Ill.2d 450, held that the doctrine of sovereign immunity did act as a constitutional prohibition against judicial review of Industrial Commission decisions. The only factual distinction that exists between *Greenarch* and the case at bar is that in *Greenarch* the petitioner initiated review by the common-law writ of *certiorari*, rather than by the statutory writ contemplated by section 19(f) of the Workmen's Compensation Act. This court stated, however, in that case that "suing out the common-law writ of *certiorari* rather than following the appellate procedure as

delineated in the Workmen's Compensation Act, which said appellate procedure is made inapplicable to claims on behalf of employees of the State of Illinois, is patently an attempt to accomplish indirectly that which cannot be accomplished directly. Neither the common-law writ of *certiorari* nor the statutory writ of *certiorari* is available to employees of the State of Illinois to review the final decision of the Industrial Commission." 10 Ill.2d at 453.

As we have held in *Greenarch* that the doctrine of sovereign immunity is applicable to bar judicial review, in the case before us the only issue yet to be resolved is whether this statute creates an invidious discrimination against State employees and therefore is in violation of section 22 of article IV of the Illinois constitution. The appellee argues that the decision and reasoning in *Molitor* v. *Kaneland Community Unit District,* 18 Ill.2d 11, is directly applicable to the case at hand in that it demonstrates that sovereign immunity, upon which the distinction in section 19(f)(1) of the Workmen's Compensation Act rests, is an irrational doctrine. There are numerous distinctions that can be drawn between the case at hand and *Molitor*. In *Molitor* we were striking down the extension of the doctrine of sovereign immunity to local governmental units, whereas here we are considering the doctrine as it applies to the State. In *Molitor* the application of the doctrine, which was abandoned by this court, was one created by this court (granting school districts the immunity from suit) through its earlier decisions. Here the doctrine attacked is created by the General Assembly's enactment of the statute. Also in *Molitor* the plaintiff had been barred from bringing any action against the governmental unit, whereas here the State has consented to having causes of action brought against it under the Workmen's Compensation Act; and the alleged denial is only that of an avenue of appeal.

The General Assembly drafted this statute which con-

tained the distinction between State employees and private employees in accord with the doctrine of sovereign immunity. It cannot be said that the General Assembly in complying with the Illinois State constitutional doctrine of sovereign immunity created an invidious discrimination. The basis for the distinction between State employees and private employees being that of following such a constitutional mandate was wholly rational and did not contain arbitrary classifications so as to abridge the equal protection guarantee as it was interpreted by this court in *Bagdonas* v. *Liberty Land and Investment Co.*, 309 Ill. 103. In *Bagdonas*, this court considered a statute which allowed a party against whom a receiver was appointed to appeal, but prohibited an appeal to the party applying for a receiver when the application was denied. In this comprehensive opinion which dealt with the question of discriminatory legislation in depth, this court held that the power of the legislature to pass an act which granted an appeal to one party to a proceeding while denying it to the other depended upon "whether or not there exists a rational difference in the classification of such parties as made by the act." (309 Ill. at 108.) This court further found that while the legislature has no power to discriminate as to persons of the same class, it has the power to make reasonable classifications. It was held that a legislative distinction is not arbitrary if any state of facts can reasonably be conceived that would sustain it, and the existence of such facts at the time the law was enacted must be assumed.

This court in *Greenarch*, in discussing the statute in question, stated, "Such provision does not violate the constitution as a delegation of legislative or judicial power to the Industrial Commission nor does it discriminate against State employees. The extent of the State's election to be bound by the Workmen's Compensation Act and consent to acceptance of liability for benefits thereunder is limited by

the act. The wisdom of the policy of the legislature in this respect is not a matter for judicial inquiry." 10 Ill.2d at 453.

Therefore the decision of the circuit court of Cook County is reversed.

*Judgment reversed.*