DANIEL J. YONIKUS, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (The Department of State Police, Appellant).

Fifth District (Industrial Commission Division)   No. 5—90—0578WC

Opinion filed March 12, 1992.—Rehearing denied June 2, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, of Chicago, of counsel), for appellant.

William J. Meacham, of Smith, McGrady & Meacham, Ltd., of East Alton, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, a State employee, filed suit in Madison County seeking judicial review of an adverse decision of the Industrial Commission (Commission). Motions to dismiss filed by the Commission and the State Police for lack of subject-matter jurisdiction were denied. The circuit court, nevertheless, certified a question of law for review and this court granted respondent's petition for leave to appeal under Supreme Court Rule 308 (134 Ill. 2d R. 308).

The certified question of law is:

"Whether paragraph 138.19(f)(1) of the Illinois Workers' Compensation Act bars judicial review of an Industrial Commission decision in a claim against the State of Illinois, in light of the adoption of the Illinois Constitution of 1970."

The parties agree claimant is a State employee. In denying respondent's motion to dismiss for lack of subject-matter jurisdiction, the circuit court concluded the doctrine of sovereign immunity was abolished by the 1970 Illinois Constitution, the legislature failed to specifically reenact the law reestablishing sovereign immunity in the area of State employee access to the judiciary in workers' compensation cases, and the State failed to demonstrate a reasonable basis or classi-

fication upon which to differentiate State workers from all other public employees and other workers' compensation claimants.

The State contends sovereign immunity bars claimant from seeking review of the Commission's decision in the circuit court of Illinois. We agree.

■ Under the current and most recent constitutions of Illinois, the relevant portion of section 19(f)(1) of the Workers' Compensation Act (Act) stated:

"Except in cases of claims against the State of Illinois, in which case the decision of the Commission shall not be subject to judicial review, the Circuit Court *** shall *** have power to review all questions of law and fact presented ***." (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f)(1).)

(See also Ill. Rev. Stat. 1967, ch. 48, par. 138.19(f)(1).) The doctrine of sovereign immunity was firmly embedded in the 1870 Illinois Constitution, which stated: "The State of Illinois shall never be made defendant in any court of law or equity." (Ill. Const. 1870, art. IV, §26.) In construing the 1870 Illinois Constitution, our supreme court consistently held that the doctrine of sovereign immunity acted as a "constitutional prohibition" against judicial review of Industrial Commission decisions. *Raschillo v. Industrial Comm'n* (1970), 47 Ill. 2d 359, 361, 265 N.E.2d 663, 665; *Greenarch v. Industrial Comm'n* (1957), 10 Ill. 2d 450, 453, 140 N.E.2d 665, 667.

The 1970 Constitution removed this "constitutional prohibition." It provides: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, §4.) As a direct result of this new constitutional provision, the legislature enacted Public Act 77—1776, effective January 1, 1972 (1971 Ill. Laws 3446), the same date as section 4 of article XIII of the current constitution. It provided that the State may not be made a defendant or a party in any court except as set forth in the Court of Claims Act. (Ill. Rev. Stat. 1979, ch. 127, par. 801; *S.J. Groves & Sons Co. v. State* (1982), 93 Ill. 2d 397, 405, 444 N.E.2d 131, 135.) Thus, acting under the express authority of the 1970 Constitution, the legislature resurrected the doctrine of sovereign immunity by statute. *Sass v. Kramer* (1978), 72 Ill. 2d 485, 489-90, 381 N.E.2d 975, 976.

■ While our supreme court has repeatedly observed that sovereign immunity was abolished as a constitutional directive, it has also consistently held that, irrespective of its wisdom, the doctrine remains viable to the extent that the legislature has chosen to reassert it. (*S.J. Groves*, 93 Ill. 2d at 402, 444 N.E.2d at 133; *Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 114, 355 N.E.2d 537, 538.) As the su-

preme court noted, "Consent to be sued cannot be implied when there is an express statutory provision to the contrary." (*S.J. Groves*, 93 Ill. 2d at 404, 444 N.E.2d at 134.) Thus, sovereign immunity bars claimant's lawsuit.

Notwithstanding the foregoing, claimant argues that after the adoption of the 1970 Constitution, the legislature was required to affirmatively reenact that portion of section 19(f)(1) of the Act for it to effectively bar State employees from seeking judicial review of Industrial Commission decisions. We disagree.

Since the effective date of the 1970 Constitution, the Act has been amended on numerous occasions although the relevant portion of section 19(f) precluding judicial review of State employee compensation claims has not. Respondent points to several general rules of statutory construction which bear on the question of claimant's contention that the State was required to reenact section 19(f) in order for sovereign immunity to be effective against State workers. One such rule is that when portions of an old law are repeated or reenacted in an amending act, they are regarded as a continuation of the existing law. (*Apex Motor Fuel Co. v. Barrett* (1960), 20 Ill. 2d 395, 399, 169 N.E.2d 769, 772.) Likewise, an amendatory legislative act is to be construed as continuing in effect unchanged portions of the original act (*Rasky v. Department of Registration & Education* (1980), 87 Ill. App. 3d 580, 591, 410 N.E.2d 69, 79), and the fact that portions of a statute have remained unaltered through successive sessions of the General Assembly has been held to indicate a legislative acquiescence in a contemporary and continuous administrative interpretation thereof. *People ex rel. Spiegel v. Lyons* (1953), 1 Ill. 2d 409, 414, 115 N.E.2d 895, 898.

Also pertinent is section 9 of the transition schedule adopted as part of the 1970 Illinois Constitution, which provided, in part:

> "The rights and duties of all public bodies shall remain as if this Constitution had not been adopted with the exception of such changes as are contained in this Constitution. All laws, ordinances, regulations and rules of court not contrary to, or inconsistent with, the provisions of this Constitution shall remain in force, until they shall expire by their own limitation or shall be altered or repealed pursuant to this Constitution." (Ill. Const. 1970, Transition Schedule, §9.)

Since the provisions of section 19(f)(1) are not inconsistent with or contrary to the constitutional language abolishing sovereign immunity, except as reasserted by the legislature pursuant to Public Act 77—1776, which became effective on the same date as the 1970 Constitu-

tion, the doctrine of sovereign immunity embodied in section 19(f)(1) remains in full force and effect without the need for the legislature to expressly reenact the statute.

■ Claimant also argues that the failure to permit him judicial review because of his status as a State employee constitutes a denial of equal protection under the fourteenth amendment to the United States Constitution and article I, section 2, of the 1970 Constitution. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.) Again, we disagree.

The United States Supreme Court has repeatedly held that the doctrine of sovereign immunity as asserted by the several States is not prohibited under the fourteenth amendment to the United States Constitution. (*Will v. Michigan Department of State Police* (1989), 491 U.S. 58, 67, 105 L. Ed. 2d 45, 55, 109 S. Ct. 2304, 2309 (and cases cited therein).) On this basis alone, claimant's Federal claim must fail.

Moreover, our supreme court has recently summarized the relevant inquiry applicable to judge the merits of an equal protection claim raised in a State forum:

"As stated in *Jenkins v. Wu* (1984), 102 Ill. 2d 468, 477, '[t]he fourteenth amendment to the Federal Constitution requires equality between groups of persons "similarly situated." It does not deny a State the power to treat different classes of persons differently.' (*Eisenstadt v. Baird* (1972), 405 U.S. 438, 446-47, 31 L. Ed. 2d 349, 358, 92 S. Ct. 1029, 1034-35; *People v. Mathey* (1983), 99 Ill. 2d 292, 296; *People v. Bradley* (1980), 79 Ill. 2d 410, 416.) In fact, in the absence of a fundamental right or suspect classification, the legislature may even differentiate between persons similarly situated if there is a rational basis for doing so. (*Massachusetts Board of Retirement v. Murgia* (1976), 427 U.S. 307, 312-13, 49 L. Ed. 2d 520, 524, 96 S. Ct. 2562, 2566-67; *People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 204; *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 578.) This is the traditional equal protection analysis that has been used by this court in assessing both Federal and State equal protection challenges. (*Illinois Housing Development Authority v. Van Meter* (1980), 82 Ill. 2d 116, 121; *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 578; *S. Bloom, Inc. v. Mahin* (1975), 61 Ill. 2d 70, 76.) Under this analysis, ' "[a] classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly cir-

cumstanced shall be treated alike.' " ' *Eisenstadt v. Baird* (1972), 405 U.S. 438, 447, 31 L. Ed. 2d 349, 359, 92 S. Ct. 1029, 1035, quoting *Reed v. Reed* (1971), 404 U.S. 71, 76, 30 L. Ed. 2d 225, 229, 92 S. Ct. 251, 254." *People v. Simmons* (1991), 145 Ill. 2d 264, 267-68, 583 N.E.2d 484, 485.

State employees are not a suspect classification and claimant does not suggest otherwise. Furthermore, the right to judicial review of a workers' compensation decision is not a fundamental right, and claimant concedes that judicial review of an administrative proceeding is not essential to the basic notions of due process of law. *Thompson v. Cronin* (1977), 48 Ill. App. 3d 752, 758, 363 N.E.2d 175, 179.

Claimant, however, maintains that the State has not articulated a reasonable basis for distinguishing between State workers and "similarly situated" municipal and local government employees and general citizens. This argument is without merit.

The common law doctrine of sovereign immunity is the fundamental and rational basis upon which to distinguish State employees from other workers. Irrespective of the wisdom of the State's decision to assert the doctrine of sovereign immunity, it is a common law principle of unquestioned validity and an "established principle of jurisprudence" that the sovereign cannot be sued in its own court without its consent. (*Beers v. Arkansas* (1858), 61 U.S. (20 How.) 527, 529, 15 L. Ed. 991, 992.) Moreover, the United States Supreme Court has clearly indicated that a distinction in liability may rationally be drawn between those public entities which enjoy sovereign immunity and those which do not. Compare *Will*, 491 U.S. at 64, 105 L. Ed. 2d at 53, 109 S. Ct. at 2308 (holding that the State is not a person within the meaning of section 1983 of the United States Code (see 42 U.S.C. §1983 (1988)) based on sovereign immunity), with *Monell v. Department of Social Services* (1978), 436 U.S. 658, 683, 56 L. Ed. 2d 611, 631, 98 S. Ct. 2018, 2032 (finding that a municipality is a person under section 1983 of the United States Code (see 42 U.S.C. §1983 (1988))).

Claimant's final argument is that respondents have shown no reasonable basis for excluding State employees from the right to judicial review enjoyed by all other persons engaged in the same endeavors who suffer the same injuries. This argument is without merit. State employees enjoy the substantive benefits of the Act. The so-called "right" to judicial review denied State employees is simply the absence of a particular procedural remedy which claimant concedes is not constitutionally mandated in the first instance. (*Thompson*, 48 Ill. App. 3d at 757, 363 N.E.2d at 179.) The fact that the State has altered the procedural process by which State employees avail them-

selves of the benefits of the Act does not demonstrate that the State has improperly denied its employees any fundamental right or otherwise deprived them of due process.

In conclusion, we answer the certified question in the affirmative. Sovereign immunity is a valid common law doctrine of unquestioned legitimacy. The legislature has asserted immunity consistent with the grant of authority bestowed upon it by the express provisions of the 1970 Illinois Constitution. For this reason, the legislature may legitimately curtail review of Commission decisions as they apply to State workers. Consequently, the circuit court lacked subject-matter jurisdiction to consider claimant's petition for review.

Accordingly, the judgment of the circuit court of Madison County is reversed and the cause is remanded with directions to dismiss the petition for review due to lack of subject-matter jurisdiction.

Reversed and remanded with directions.

RAKOWSKI, WOODWARD, STOUDER, and LEWIS, JJ., concur.