**In re Duane Robert LARSON and Mary Ellen Larson, Debtors.**

**Bankruptcy No. 485–00460.**

United States Bankruptcy Court,
D. Montana.

Dec. 26, 1985.

John Keith, Great Falls, Mont., for debtors.

Arthur G. Matteucci, Great Falls, Mont., for trustee.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

The Trustee in the above-captioned cause has filed with this Court on October 30,

1985, an objection to the exemption for Workers' Compensation benefits claimed by the Debtor on Schedule B–4 of his Bankruptcy Petition. A brief in support of the Trustee's objection was filed November 21, 1985, and the matter was set for hearing November 26, 1985. The Court, having taken the matter under advisement and after considering the matter enters this opinion and order.

■ Section 541 of the Bankruptcy Code (11 U.S.C. § 541) creates an estate upon the filing of the Bankruptcy Petition by which all property in which the Debtor has a legal or equitable interest comes into the estate. 11 U.S.C. § 541(a)(1). What constitutes a legal or equitable interest of the Debtor so as to become property of the estate is broadly construed. *In Re Daniel*, 771 F.2d 1352, 1360 (9th Cir., 1985).

■ An exception as to what is property of the estate is set forth in Section 541(c)(2). This provision deals with spendthrift trusts and preserves restrictions on the transfer of a beneficial interest of the Debtor in a trust that is enforceable under applicable non-bankruptcy law, thereby avoiding inclusion of such trust property in the Debtor's estate. While this statutory exclusion is written so as to seemingly apply to any trust, interpretation of this statute as to what is "applicable non-bankruptcy law" has been held to apply only to spendthrift trusts as defined by relevant state law. *In Re Daniel*, supra; see also *Matter of Goff*, 706 F.2d 574, (5th Cir., 1983); *In Re Graham*, 726 F.2d 1268, (8th Cir., 1984); and *In Re Lichstrahl*, 750 F.2d 1488, (11th Cir., 1985). Under these authorities, state Workers' Compensation benefits do not fit within the definition of spendthrift trusts under Montana law. Applying the rationale of the *Daniel* decision, Workers' Compensation benefits cannot be pressed to fit within the statutory language of 541(c)(2) of the Code.

Since Workers' Compensation benefits are thus property of the estate, the only remaining mechanism by which such benefits can be insulated from the creditors is through the exemption provisions of Section 522 of the Code.

In 1981 Montana elected to opt out of the Federal exemptions allowed under Section 522 of the Code, so that the only exemptions available to the Debtor are those provided by state law. Section 31–2–106, MCA (1985). That section reads:

"Exempt Property—Bankruptcy Proceeding. No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. 522(d) except property exempt from execution of judgment as provided in Title 25, Chapter 13, Part 6."

■ The exemptions listed in Title 25, Chapter 10, Part 6, denoted as "Property Exempt From Execution", are specific and exclusive. Workers' Compensation benefits are not included as exempt property under Title 25, but are protected from levy by execution under a different title, specifically Section 39–71–743, MCA, (1985). The protection offered by that section is absolute, against claims of every kind. *State ex rel. Harry v. District Court*, — Mont. —, 628 P.2d 657, 658 (1981). Moreover, a number of retirement benefits are likewise exempt from levy and execution under different titles, such as benefits paid through Public Employee Retirement System, Section 19–3–105, MCA; Teachers' Retirement benefits, Section 19–4–706, MCA; Judges Retirement benefits, Section 19–5–704, MCA; Highway Patrol Retirement benefits, Section 19–6–705, MCA; Sheriffs Retirement benefits, Section 19–7–705, MCA; Police Retirement benefits, Sections 19–9–1006 and 19–10–504, MCA; Firefighters Retirement benefits, Sections 19–11–612, MCA; and Game Wardens' Retirement benefits, Section 19–8–805, MCA. None of these statutes are incorporated by reference by Title 25. It seems to be inconsistent public policy for Montana to allow a Debtor to exempt wages earned within 45 days, Section 25–13–614, MCA, but not allow a Debtor who is a retired teacher, retired firefighter, retired policeperson or injured workman the same benefit. This Court can only take the law as it finds it,

and must leave to the legislature the duty to set public policy. I, therefore, hold that Workers' Compensation benefits are not subject to exemption by the Debtor for the reasons stated above.

IT IS ORDERED the objection of the Trustee to the claim of exemption by the Debtor of Workers' Compensation benefits is granted.