### In re Roy D. CONZELMAN a/k/a Ray Conzelman, Carol A. Conzelman a/k/a Carol A. Metschel, Debtors.

### Bankruptcy No. 86–20482.

United States Bankruptcy Court,
D. Montana.

Jan. 21, 1987.

---

Edward A. Murphy, Datsopoulos, Mac-Donald & Lind, Missoula, Mont., for debtors.

Harold Dye, Missoula, Mont., trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

The issue before the Court is whether the Montana exemption statute applicable in a bankruptcy case, codified at Section 31-2-106 MCA (1985), which denies the Debtor an exemption he would be entitled to under the federal bankruptcy statute, 11 U.S.C. § 522(d), is unconstitutional. For the reasons set forth below, the Court holds Section 31-2-106 MCA is constitutional.

On October 9, 1986, the Trustee filed a motion requesting an order from this Court requiring turnover of Worker's Compensation benefits being received by the Debtor as property of the estate on the basis of this Court's ruling in *In re Larson*, 56 B.R. 154, (Bankr.D.Mont.1985), 42 St. Rptr. 2043, holding Worker's Compensation benefits as provided for in Title 39, Chapter 71, MCA, are property of the estate and are not subject to exemption in bankruptcy under Montana law. In response, after amendment by the debtor of his schedules claiming the benefits as exempt, the Debtor challenged the constitutionality of the Montana "opt out" provisions of Section 31-2-106, MCA, as being unconstitionally

restrictive when compared with the federal exemptions provided for in the Bankruptcy Code, 11 U.S.C. 522(d). Since a state statute was being constitutionally challenged, the court invited the Attorney General of Montana to present an appropriate response to the brief of the Debtor, but the Attorney General has failed to file any response in this cause. Rule 24(c), M.R. Civ.P. and F.R.Civ.P.

Under Section 541 of the Bankruptcy Code, upon the filing of the petition, all legal and equitable property interests of the Debtor vest in the bankruptcy estate. An exception to this rule is Section 522. It provides:

"11 U.S.C. § 522. Exemptions.

\*　　\*　　\*　　\*　　\*　　\*

(b) Notwithstanding Section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection ... Such property is—

(1) property that is specified under subsection (d) of this section, unless the state law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize;"

Section (d) then sets forth a federal laundry list of eleven exemptions allowed under the Bankruptcy Code, which includes:

\*　　\*　　\*　　\*　　\*　　\*

"(10) The debtor's right to receive—

\*　　\*　　\*　　\*　　\*　　\*

(C) a disability, illness, or unemployment benefit;

\*　　\*　　\*　　\*　　\*　　\*

(11) The debtor's right to receive, or property that is traceable to—

\*　　\*　　\*　　\*　　\*　　\*

(E) a payment in compensation of loss of future earnings of the debtor ..., to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

As with many other state jurisdictions, pursuant to 11 U.S.C. § 522(b)(1), Montana

has "opted out" of the federal exemptions provided in the Bankruptcy Code of 1978 and has provided its own standard of allowable exemptions. Montana law provides:

"31–2–106. Exempt Property—bankruptcy proceeding. No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. 522(d) except property exempt from execution of judgment as provided in Title 25, Chapter 13, Part 6."

The exemption statutes found at Title 25 correspond with many of the federal exemptions listed at Section 522 of the Bankruptcy Code, although the dollar amounts frequently vary. However, notably absent from the Montana provisions is any exemption for disability compensation such as Worker's Compensation benefits similar to the exemptions provided in 11 U.S.C. 522(d), supra. The Debtor's position is that the more restrictive exemptions provided by the Montana exemption statute is violative of the Supremacy Clause of the U.S. Constitution, Art. VI, Clause 2.

The Debtor cites the Court to the case of *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) in support of his argument that Montana law is constitutionally in conflict with a federal statute, which has preempted the field in the area of allowable exemptions. The *Perez* test is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict. *Perez*, at 402 U.S. at 644, 91 S.Ct. at 1708.

In *Perez*, the state law issue involved provisions of the Arizona Motor Vehicle Safety Responsibility Act, which resulted in suspension and revocation of driver's licenses and registration for nonpayment of judgments resulting from automobile accidents. Yet, under § 17 of the Bankruptcy Act of 1898, a discharge of that obligation was allowed upon filing a petition in Bankruptcy. By application of the two-part test, the Court found the Arizona statute in conflict with the terms and policy of the Bankruptcy Act and deemed the Arizona statute constitutionally invalid.

" * * * any state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause." *Id.* at 652, 91 S.Ct. at 1712.

While the basic principles of constitutional law set forth in *Perez* must be followed, the Court finds the Debtor's application of that doctrine is misplaced, since the factual situation, and statutes involved and, therefore, the issue presented in the case *sub judice*, is distinguishable from the *Perez* case. Indeed, the constitutional argument has been presented and decided in two Circuit Courts of Appeal and the Ninth Circuit Bankruptcy Appellate Panel, all contrary to the Debtor's position.

We start with the Ninth Circuit Court of Appeals decision. In *In re Stinson III*, 36 B.R. 946, 947 (BAP 9th Cir.1984), the Court held:

"If the state prohibits its citizens from using 522(d), the state exemption law applies, *Rhoades v. Stewart*, (6th Cir. 1983), 705 F.2d 159; *Matter of Sullivan*, (7th Cir.1982), 680 F.2d 1131; *Matter of McManus*, (5th Cir.1982), 681 F.2d 353.

\* \* \* \* \* \*

In each of the above-cited cases, the Court upheld the constitutionality of § 522(b) and the applicable state statute. The Seventh Circuit case, *Matter of Sullivan*, is a well-reasoned and detailed opinion, which addresses virtually every issue raised by the Stensons."

In *In re Golden*, 789 F.2d 698 (9th Cir. 1986), the Ninth Circuit Court of Appeals specifically held that "Federal Courts have repeatedly recognized that the state exemptions which a bankrupt may elect to claim may be more or less generous than federal exemptions", citing *McManus* and *Sullivan*, supra, and "The state exemptions need not be identical or even comparable to exemptions established under federal law". *Id.* at 700.

In *Rhoades v. Stewart*, 705 F.2d 159 (6th Cir.1983), cert. den., 464 U.S. 983, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983), involving a homestead exemption, Tennessee, like Montana, had opted out of the federal exemption provisions of Section 522 of the Code.

The state statute provided less beneficial exemptions than those available under federal law. In reversing the Bankruptcy Court for the Middle District of Tennessee, 14 B.R. 629, which had declared the Tennessee opt-out statute unconstitutional, the Sixth Circuit Court of Appeals held at 705 F.2d 163:

"It is fundamental that the state and federal legislatures share concurrent authority to promulgate bankruptcy laws, *Sturges v. Crowningshield* [Crowninshield], 17 U.S. (4 Wheat) 119, 4 L.Ed. 529 (1819), and that the Supremacy Clause and the doctrine of preemption will serve to invalidate state promulgations to the extent that they are inconsistent with or contrary to federal laws. *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). It is equally axiomatic, however, that Congress has not preempted an area wherein it has legislated when it expressly and concurrently authorizes the state legislatures to disregard or opt-out of such federal legislative area. In such instance, rather than preempting the area, Congress expressly authorizes the states to 'preempt' the federal legislation. Congress did not intend to preempt bankruptcy exemptions through promulgation of 11 U.S.C. § 522(d) since it vested in the states the ultimate authority to determine their own bankruptcy exemptions. 11 U.S.C. § 522(b)(1). Section 522(b)(1) encompasses no facial restrictions upon the states' authority to opt-out. The Fifth Circuit has recently adjudged that the states are empowered to create whatever exemptions they elect:

'The unambiguous language of section 522(b) implicitly indicates a state may exempt the same property included in the federal laundry list [§ 522(d)], more property than that included in the federal laundry list, or less property than that included in the federal laundry list. The states also may prescribe their own requirements for exemptions, which may either circumscribe or enlarge the list of exempt property. *In Re McManus*, 681 F.2d 353, 355–56 (5th Cir.1982).' "

Again, a similar situation was present in the *Matter of Sullivan*, 680 F.2d 1131 (7th Cir.), cert. den. 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982), involving application of the Illinois homestead exemption, which provided less favorable treatment for the Debtor than the federal Bankruptcy Code. In affirming the constitutionality of the Illinois statute, the Court reasoned:

"To say that state exemption provisions providing less solace to debtors than the federal exemptions of section 522(d) are in 'conflict' with either the language of the Code or expressions of Congressional intent underlying it is simply inaccurate. If Congress has the power to permit states to set their own exemption levels, the Illinois provisions are constitutional. The final argument urged by the debtors is that Congress lacks such power. They urge that section 522(b)(1) represents an impermissible delegation of Congressional power. The appellants overlook the long-established principle that the states retain the power to enact bankruptcy laws so long as they do not conflict with federal bankruptcy legislation. In *Sturges v. Crowingshield* [Crowninshield], supra, Chief Justice Marshall stated:

'[T]he power granted to Congress may be exercised or declined, as the wisdom of that body shall decide. If in the opinion of Congress, uniform laws concerning bankruptcies ought not to be established, it does not follow that partial laws may not exist, or that state legislation of the subject must cease. It is not the mere existence of the power, but its exercise, which is incompatible with the exercise of the same power by the states. It is not the right to establish these uniform laws, but their actual establishment, which is inconsistent with the partial acts of the states.'

17 U.S. (4 Wheat) at 195–96. Under *Sturges,* Illinois has the power to establish exemption provisions for bankrupts of that State so long as the state law does not conflict with the federal bankruptcy laws. As we noted in Section III,

**990**

supra, there is no conflict between the Illinois exemption provisions and section 522(d) because of the express language of section 522(b)(1). Where a State is thus exercising its own power, no unconstitutional delegation of Congressional power can be found. See, e.g., *Prudential Insurance Co. v. Benjamin*, 328 U.S. 408, 439–40, 66 S.Ct. 1142, 1160, 90 L.Ed. 1342 (1946)." *Id.* at 1137.

Finally, as stated in *In re McManus*, supra, at 357:

"(it) is inescapable that Congress must have realized that the state may enact different exemptions which would possibly conflict with Congress' own exemption policy as it was reflected in § 522(d)."

By a clear reading of the statute, Congress elected in Section 522(d) to allow the states to opt out of the federal exemption statutes and establish their own standards for exemptions so as to fulfill the fresh start policy of the Bankruptcy Code. If Congress had not so intended, it simply would have deleted the opt out language and bound the states to the terms of the federal statute. Since it is within Congress' power to concurrently allow the states to determine what exemption provisions are allowable in a bankruptcy case and Section 32–2–106 MCA does just that, the Montana Code provision passes constitutional muster. The fact the exemptions provided for by the state do not equally conform to the federal exemptions set by Congress is a policy decision of the State of Montana, which it may and has constitutionally performed in the area of exemptions, as allowed by federal statute, 522(d), supra.

The Court concludes that Section 32–2–106, MCA, is constitutional, and therefore

IT IS ORDERED the Trustee's motion for turnover of the Debtor's right to Worker's Compensation benefits as property of the estate is granted.