In the Matter of Daniel J. YONIKUS and Carolyn S. Yonikus, Debtors.

Appeal of Daniel J. YONIKUS.

No. 92–1812.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1992.

Decided June 8, 1993.

Thomas J. Ortbal, Hutmacher, Rapp & Ortbal, Quincy, IL (argued), for Thomas J. Ortbal, trustee.

Steven N. Mottaz, Thomas, Mottaz, Eastman & Sherwood, Alton, IL (argued), for Daniel J. Yonikus and Caroline S. Yonikus.

Before BAUER, Chief Judge, RIPPLE, Circuit Judge, and GRANT, Senior District Judge.[1]

GRANT, Senior District Judge.

Six years after filing his bankruptcy petition and almost four months after revocation of his discharge in bankruptcy, chapter 7 debtor Daniel J. Yonikus filed a supplemental schedule of exempt property, claiming an exemption in his workers' compensation award. The bankruptcy court denied the exemption, and the district court affirmed that ruling. For the reasons presented below, this court affirms the judgment of the district court.

1. The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

## I.

Following a work-related injury Mr. Yonikus filed a claim for workers' compensation and initiated a personal injury lawsuit. One month later, on May 8, 1985, he filed a voluntary petition in bankruptcy. Engaging a different lawyer for each legal action, he did not disclose the personal injury or compensation claims to the bankruptcy attorney.

On his bankruptcy schedule Mr. Yonikus listed neither the workers' compensation claim nor the personal injury action as assets; nor did he claim them as exempt on his schedule of exempt property. On January 6, 1986, the debtor was granted a discharge in bankruptcy. Later, when Mr. Yonikus received his workers' compensation award and the settlement proceeds from the personal injury claim, he failed to report them to Bankruptcy Trustee Thomas J. Ortbal.

Once the Trustee learned of the personal injury action and of the debtor's failure to report it, he filed an adversary proceeding seeking revocation of Mr. Yonikus' discharge. Upholding the Trustee's position that the personal injury settlement was property of the bankruptcy estate which Mr. Yonikus "knowingly and fraudulently failed to report," the bankruptcy court revoked the debtor's discharge on January 3, 1991. That ruling was affirmed by both the district court and the court of appeals. *See In the Matter of Yonikus,* 974 F.2d 901 (7th Cir.1992).

In spite of that decision by the bankruptcy court, on April 29, 1991 Mr. Yonikus filed a supplemental schedule of exempt property claiming an exemption in his workers' compensation benefits. The Bankruptcy Trustee timely objected to the debtor's filing, arguing that fraudulent concealment of an asset works as a forfeiture of exemption rights. The bankruptcy court agreed; on July 12, 1991 it disallowed the debtor's claim of exemption in his fraudulently concealed workers' compensation award. The district court affirmed on March 11, 1992. Mr. Yonikus has timely appealed.

**2.** In fact, the debtor will surely realize that he has "heard this song before," since the same analysis used by this court in the *Yonikus* decision reported at 974 F.2d 901 concerning Mr.

## II.

### A. *Jurisdiction*

This appellate court has jurisdiction to hear the debtor's appeal from the district court's order affirming the bankruptcy court's denial of the supplemental exemption claim. Orders granting or denying exemptions are appealable as final judgments under 28 U.S.C. § 158(d). *Matter of Barker,* 768 F.2d 191, 194 (7th Cir.1985) (citing like holdings in other circuits). *Accord, Huebner v. Farmers State Bank,* 986 F.2d 1222 (8th Cir.1993).

### B. *Standard of review*

This court has already explained to Mr. Yonikus the standards by which we review the decisions of the bankruptcy court. *Yonikus,* 974 F.2d at 904.[2] Both district and appellate courts review a bankruptcy court's factual findings for clear error and its legal conclusions *de novo. Matter of UNR Industries, Inc.,* 986 F.2d 207, 208 (7th Cir.1993); Bankruptcy Rule 8013. Our review of the factual findings is not limited to the district court's decision, but also extends to the bankruptcy court's findings of fact. *In re Rivinius, Inc.,* 977 F.2d 1171, 1175 (7th Cir.1992).

A debtor's entitlement to a bankruptcy exemption is a question of law to be reviewed *de novo. In re Peterson,* 897 F.2d 935, 937 (8th Cir.1990). *See Matter of Kazi,* 985 F.2d 318, 320 (7th Cir.1993). Failure to file a timely objection to exemptions is an absolute bar to consideration of the merit of the exemptions. *Taylor v. Freeland & Kronz,* ⸺ U.S. ⸺, ⸺, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992); *Kazi,* 985 F.2d at 320. Because the Trustee filed his objection within 30 days of the debtor's filing of an amended exempt property list, as required pursuant to Bankruptcy Rule 4003(b), this court can consider the merit of the debtor's supplemental schedule of exempt property.

Yonikus' interest in the personal injury claim is fully applicable herein to his interest in the workers' compensation claim.

## III.

### A. *Workers' compensation claim as exempt property*

Mr. Yonikus first contends that workers' compensation is exempt property under the Illinois Workers' Compensation Act. He buttresses his argument by citing an opinion issued by the Illinois Court of Claims, *Orr v. Illinois Emergency Relief Commission,* 10 Ill.Ct.Cl. 726 (1939).

■ By claiming that his workers' compensation benefits are exempt before he has included them as property of his bankruptcy estate, Mr. Yonikus has put the cart before the horse. Before an exemption can be claimed, it must be estate property.

> *Once the property becomes part of the bankruptcy estate,* the debtor is allowed to claim as exempt certain property interests and the trustee or creditors are given an opportunity to object to the claimed exemptions.

*Kazi,* 985 F.2d at 320 (emphasis added) (citations omitted).

■ When a bankruptcy petition is filed, virtually all property of the debtor at that time becomes property of the bankruptcy estate. Section 541 of the Bankruptcy Code defines "property of the estate" broadly to include all of the debtor's interests, legal and equitable. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204–05 and nn. 8, 9, 103 S.Ct. 2309, 2313 and nn. 8, 9, 76 L.Ed.2d 515 (1983). "[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) (bankruptcy estate includes right to refund).[3] A debtor's contingent interest in future income has consistently been found to be property of the bankruptcy estate. *See In re Neuton,* 922 F.2d 1379, 1382–83 (9th Cir. 1990) (collecting cases). In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541. *In re Anderson,* 128 B.R. 850, 853 (D.R.I.1991) (citations omitted).

■ The question whether an interest claimed by the debtor is "property of the estate" is a federal question to be decided by federal law; however, courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interests in property as of the commencement of the case. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *Matter of Jones,* 768 F.2d 923, 927 (7th Cir.1985). Because Mr. Yonikus was a state police officer with a cause of action arising from an injury while on duty, his claim was a contingent right to future compensation under the Illinois Workers' Compensation Act, 820 ILCS 305/1 (1993).[4] *See George W. Kennedy Const. Co., Inc. v. Industrial Com'n,* 152 Ill.App.3d 114, 105 Ill.Dec. 163, 167, 503 N.E.2d 1169, 1173 (1987) (listing workers' compensation benefits as property right). Just as Mr. Yonikus' potential personal injury claim entered the bankruptcy estate as property, *Yonikus,* 974 F.2d at 905, so too the debtor's interest in his workers' compensation claim on the date of his Chapter 7 filing was sufficient to bring it into his bankruptcy estate under 11 U.S.C. § 541. *See In re Larson,* 56 B.R. 154, 155 (Bankr.D.Mont.1985).

■ Nevertheless, some property may be removed from the sweeping scope of the bankruptcy estate. A debtor's interest in property may be either *excluded* from the estate under 11 U.S.C. § 541 or *exempted* under § 522. As an Illinois bankruptcy court succinctly commented,

> (*l*)ogic dictates the result that an asset is either part of a bankruptcy estate, and perhaps exempt therein, or alternatively, it is not a part of the bankruptcy estate, in

---

3. Although the *Segal* ruling was made under the Bankruptcy Act rather than the Code, the legislative history specifies that its holding is applicable under the Code. S.Rep. No. 989, 95th Cong., 2d Sess. 82, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868; H.R.Rep. No. 595, 95th Cong., 2d Sess. 367, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323.

4. 820 ILCS 305/1 was formerly Ill.Rev.Stat.1991, ch. 48, ¶ 138.1. The new classification and numbering system for the Official Illinois Compiled Statutes was authorized by Public Act 87–1005, effective January 1, 1993.

which case, the asset is not subject to administration before the bankruptcy court.

*In re Templeton,* 146 B.R. 757, 764 (Bankr. N.D.Ill.1992). For example, Congress excluded from the debtor's estate spendthrift trusts under 11 U.S.C. § 541(c)(2) [*Morter v. Farm Credit Services,* 937 F.2d 354 (7th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 2991, 120 L.Ed.2d 868 (1992); *Matter of Newman,* 903 F.2d 1150 (7th Cir.1990) ], the proceeds or wages received by a debtor for services performed after filing the bankruptcy petition under 11 U.S.C. § 541(a)(6) [*Matter of Hellums,* 772 F.2d 379 (7th Cir.1985); *In re Kobaly,* 142 B.R. 743 (Bankr.W.D.Pa. 1992) ], and certain grants under § 541(b) and (d) [*In re Joliet–Will County Community Action Agency,* 847 F.2d 430 (7th Cir. 1988) ].

Mr. Yonikus has cursorily suggested that his workers' compensation claim may not be property of the estate. However, he does not identify which provision of the Bankruptcy Code might allow the claim to qualify for exclusion. Indeed, such an argument would be futile: No section of the Bankruptcy Code excludes a debtor's interest in workers' compensation benefits. *See, e.g., Larson,* 56 B.R. at 155–56 (workers' compensation benefits are property of estate, not excluded as spendthrift trust, not exempted under state exemption statute). Under Illinois law, Mr. Yonikus had sufficient interest in his workers' compensation claim at the commencement of his bankruptcy to bring it into his estate as part of the estate property.

After an asset is property of the estate that was not excluded from the estate, it can still pass out of the estate (and thus out of the reach of creditors) as a qualified exemption under 11 U.S.C. § 522. At that point, the Bankruptcy Code permits a debtor to remove from the estate whatever property is deemed exempt from execution under either state or federal law. *In re Thompson,* 867 F.2d 416, 418 (7th Cir.1989). Illinois residents, prohibited from using federal exemptions, are confined to those provided under

Illinois law. 735 ILCS 5/12–1201; *Matter of Sullivan,* 680 F.2d 1131, 1133 (7th Cir.), *cert. denied,* 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982); *Templeton,* 146 B.R. at 759. *See* 735 ILCS 5/12–901 (homestead exemption) and 5/12–1001 (personal property exemptions).

According to Mr. Yonikus, his workers' compensation award is "clearly exempt." The debtor's position is in error, however, for this issue has been the frequent subject of litigation. The exemption section of the Bankruptcy Code, 11 U.S.C. § 522(d), does not specifically list workers' compensation benefits as exempted property, and the legislative history does not clarify Congress' intent with regard to such benefits. *In re Cain,* 91 B.R. 182, 183 (Bankr.N.D.Ga.1988); *Matter of Evans,* 29 B.R. 336, 337 (Bankr. D.N.J.1983). Most bankruptcy courts considering the issue have weighed the application of three subsections of the exemption provision to workers' compensation awards, 11 U.S.C. §§ 522(d)(10)(C), (d)(11)(D), and (d)(11)(E), and have determined that the benefits appropriately belong . under § 522(d)(10)(C), which exempts the "debtor's right to receive a disability, illness, or unemployment benefit." The courts have relied on the legislative history of this subsection, which states that "paragraph 10 exempts certain benefits that are *akin to future earnings* of the debtor." Since workers' compensation benefits are like future earnings, reason the courts, they should be exempt without limit under § 522(d)(10)(C).[5] *Cain,* 91 B.R. at 184; *Evans,* 29 B.R. at 339. *Accord, In re LaBelle,* 18 B.R. 169, 171 (Bankr.D.Me.1982). *But see In re Lambert,* 9 B.R. 799, 800 (Bankr.W.D.Mich.1981) (workers' compensation postpetition settlement payment exempt under both §§ 522(d)(10)(C) and (d)(11)(E), as, in part, a disability benefit and, in part, compensation for loss of future earnings). In contrast, however, Montana's exemption statute does not allow the exemption of workers' compensation benefits. *Larson,* 56 B.R. at 156. *See also In re Conzelman,* 68 B.R. 986

---

5. Exemptions have been based on the federal statute § 522(d) or corresponding identical state exemption laws.

(Bankr.D.Mont.1987) (Montana's exemption statute constitutional).

No Illinois court has directly addressed the issue of workers' compensation benefits as exempt property. In dictum an Illinois bankruptcy court noted that workers' compensation awards have been considered as akin to future earnings and thus exempt without limit under the federal exemption scheme, but that the Illinois exemption statute [6] has no provision specifically exempting compensation for "loss of future earnings." *In re Haynes*, 146 B.R. 779, 780 and n. 4 (Bankr.S.D.Ill.1992) (exemption of debtor's personal injury and disability claims limited to $7,500). *See also Mentzer v. Van Scyoc*, 233 Ill.App.3d 438, 174 Ill.Dec. 512, 515, 599 N.E.2d 58, 61 (1992) (in nonbankruptcy landlord/tenant dispute, state appellate court states that Illinois' exemption statute "does not supersede or infringe upon the protection given by section 21 of the Workers' Compensation Act").

As can be seen from the above cited cases, the law concerning the exemption of workers' compensation is far from settled. Even though there is support for the position that workers' compensation benefits might be treated as exempt, nothing in the Illinois statutes or caselaw allows a debtor to omit a workers' compensation claim from his schedules of assets and of exempt property because it is "clearly exempt."

Mr. Yonikus cites only one authority in support of his position, *Orr v. Illinois Emergency Relief Commission*, 10 Ill.Ct.Cl. 726 (1939). *Orr* is an advisory opinion furnished more than fifty years ago by the Court of Claims to the Illinois Emergency Relief Commission, and is based upon specific facts significantly dissimilar to those herein. As such it is inapposite; it has neither impact nor guidance in the cause before us.

It is clear that Mr. Yonikus' interest in his workers' compensation claim was "property of the estate" under Bankruptcy Code § 541(a)(1) at the commencement of the

bankruptcy, and later as "proceeds" under § 541(a)(6) when the award was converted to money. "Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate." *Yonikus*, 974 F.2d at 904 (citations omitted). Only after the Trustee discovered that the debtor had received benefits were they treated as unreported property of his estate. Because the bankruptcy court found that the debtor's failure to list his workers' compensation claim on his schedule of assets was fraudulent concealment of that asset, it refused to allow him to claim an exemption in it. Being satisfied that there was no error in that court's factual findings or legal conclusions concerning its treatment of the workers' compensation claim as property of the estate, we now turn to consider its denial of the exemption claim.

B. *Fraudulent concealment of property*

Finding "the Debtor's actual intent to fraudulently conceal this asset [workers' compensation claim] from the Trustee and the Court," the bankruptcy court disallowed Mr. Yonikus' amended exemption claim. *In re Yonikus*, No. 385–00725, slip op. at 4 (Bankr.C.D.Ill. July 12, 1991). The debtor insists that his nondisclosure of the workers' compensation claim was not fraudulent, for he believed that he was not required to report totally exempt property. Moreover, he asserts, the Trustee did not prove that he intended to defraud the creditors by concealment of the claim. Relying on *In re Doan*, 672 F.2d 831 (11th Cir.1982), Mr. Yonikus also contends that the creditors have not been prejudiced. The Trustee cites the same Eleventh Circuit authority, *Doan*, when responding that fraudulent concealment of an asset can constitute grounds for disallowance of an exemption.

 We begin our consideration by recognizing that a debtor may amend a voluntary petition pursuant to Bankruptcy Rule

---

**6.** Illinois' exemption statute, previously Ill.Rev. Stat. ch. 110 ¶ 12–1001, was reclassified and numbered 735 ILCS 5/12–1001 on January 1, 1993, pursuant to Public Act 87–1005. The statute allows a limited exemption of payments (up

to $7,500) to a debtor on account of the debtor's personal bodily injury (§ 1001(h)(4)) and an unlimited exemption for a debtor's disability, illness, or unemployment benefit (§ 1001(g)(3)).

1009(a) "as a matter of course at any time before the case is closed."[7] *See* Advisory Committee Note to Rule 1009; *In re Peterson*, 920 F.2d 1389, 1394 (8th Cir.1990); *Lucius v. McLemore*, 741 F.2d 125, 126 (6th Cir.1984). There are exceptions to this principle.

> Exceptional circumstances may prevent a debtor from amending schedules. Amendment may be denied upon a showing of bad faith or prejudice to creditors or third parties. *See Matter of Doan*, 672 F.2d 831, 833 (11th Cir.1982). A mere allegation by an objector of bad faith is insufficient. Bad faith and/or prejudice must be shown by clear and convincing evidence. *See Matter of Brown*, 56 B.R. 954, 958 (Bankr.E.D.Mich.1986).

*In re Kobaly*, 142 B.R. at 748–49. Agreeing with the position of other circuits regarding Bankruptcy Rule 1009(a), this circuit endorses the "permissive approach" of allowing amendment of schedules, including lists of exempt property, at any time before the case is closed, with the caveat that an amendment may be denied upon a clear and convincing showing of bad faith by the debtor or prejudice to the creditors. *Accord, In re Calder*, 973 F.2d 862, 867 (10th Cir.1992); *Matter of Williamson*, 804 F.2d 1355, 1358 (5th Cir. 1986); *Lucius v. McLemore*, 741 F.2d at 127; *Doan*, 672 F.2d at 833.

*Doan* explicitly states that "concealment of an asset will bar exemption of that asset," *id.*

at 833, and this court has taken the same approach:

> [A]lthough amendments before discharge are liberally allowed it is most unlikely that the [debtors] would be permitted to amend. The [debtors'] omissions from the initial list suggest that they meant to hide assets if they could get away with it. . . . The operation of the bankruptcy system depends on honest reporting. If debtors could omit assets at will, with the only penalty that they had to file an amended claim once caught, cheating would be altogether too attractive. The omission of assets may be a good reason to deny or revoke a discharge.

*Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985), *cert. denied*, 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986).[8] Indeed, the bankruptcy court's finding that Mr. Yonikus intentionally and fraudulently failed to report his personal injury claim was the basis for revocation of his discharge. *Yonikus*, 974 F.2d at 906.[9] *Accord, Mertz v. Rott*, 955 F.2d 596 (8th Cir.1992) (concealment of tax refund); *Hardage v. Herring National Bank*, 837 F.2d 1319 (5th Cir.1988) (concealment of cotton crop proceeds); *In re Chalik*, 748 F.2d 616 (11th Cir.1984) (deliberate omissions of assets); *In re Bailey*, 147 B.R. 157 (Bankr.N.D.Ill.1992) (fraudulent omission of thrift savings plan).

 The issue of a debtor's intent is a question of fact, or of inference to be drawn from facts, for the bankruptcy court to deter-

---

**7.** A case is closed "after an estate is fully administered and the court has discharged the trustee." 11 U.S.C. § 350(a). In the Yonikus bankruptcy proceedings the docket indicates that, following the debtors' discharge in January 1986, the Trustee arranged for the sale of real estate, produced an accounting and conducted other tasks of administration. During that period he discovered the debtor's concealed assets from the personal injury settlement and workers' compensation award that led to the revocation of the debtors' discharge on January 3, 1991. Since that time the debtors' appeals, filings of supplemental schedule of exempt property, and other matters concerning estate administration have kept the case open.

**8.** Concealment of property belonging to the debtor's estate can also result in criminal sanctions under 18 U.S.C. § 152. *United States v. Cherek*, 734 F.2d 1248 (7th Cir.1984), *cert. denied*, 471

U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985). "Even if the asset is not ultimately determined to be property of the estate under the technical rules of the Federal Bankruptcy Code, Section 152 properly imposes sanctions on those who preempt a court's determination by failing to report the asset." *Id.* at 1254. *Accord, United States v. Grant*, 971 F.2d 799 (1st Cir.1992); *United States v. Beard*, 913 F.2d 193 (5th Cir. 1990); *United States v. Jackson*, 836 F.2d 324 (7th Cir.1987).

**9.** In that revocation decision the bankruptcy court pointed out that the debtor, knowing of his contingent interests in his workers' compensation and personal injury claims when he filed bankruptcy, "chose to hide those interests to avoid tipping off the Trustee to their existence" and thereby "fatally injured his exemptions." *In re Yonikus*, No. 385–00725, Adv. 89–7088, slip op. at 7–8 (Bankr.C.D.Ill. Jan. 3, 1991).

mine. *Matter of Neis,* 723 F.2d 584, 589 (7th Cir.1983). This court will overturn the bankruptcy court's factual determinations only if they are clearly erroneous. Bankruptcy Rule 8013; *In re Rose,* 934 F.2d 901, 903 (7th Cir.1991). The bankruptcy court found:

Here, the record clearly demonstrates that the Debtor intended to fraudulently conceal the existence of his worker's compensation and personal injury actions from the Trustee and the Court. The Debtor did not list his work-related personal injury as an asset in his bankruptcy schedule or claim it as exempt. He employed different law firms for the personal injury claims and the bankruptcy; he did not tell his bankruptcy attorney about the personal injury and he did not tell the personal injury attorneys about his bankruptcy. He did not tell the Trustee of the Court about the settlement money he received for the worker's compensation claim and the personal injury action. The Debtor's conduct shows that if the Trustee had not discovered the personal injury action, the Debtor would never have reported it to the Bankruptcy Court. Indeed, the Debtor only now seeks to exempt the worker's compensation award after the Court has denied his discharge for fraudulently concealing this asset.

*Yonikus,* No. 385–00725, slip op. at 3–4 (Bankr.C.D.Ill. July 12, 1991). The district court upheld these findings.

The bankruptcy judge properly analyzed all the testimony in his careful opinion before ultimately finding that Plaintiff had fraudulently concealed his assets gained from his worker's compensation and personal injury awards. This Court cannot find that the bankruptcy court's conclusions were clearly erroneous and therefore they will not be overturned.

*Yonikus,* 228 Ill.App.3d 333, 334, 169 Ill.Dec. 386, 387, 591 N.E.2d 890, 891 (1992).

■ We agree: There was no clear error in the bankruptcy court's findings of fact. Mr. Yonikus' protest of innocent misunderstanding is insufficient to overturn such clear factual analysis by the bankruptcy court. We have reviewed (and cited above) numerous cases in which fraudulent concealment of

an asset has barred or revoked a debtor's discharge, disallowed a debtor's exemption claim or resulted in criminal sanctions. The bankruptcy court's decision before us is fully consistent with those opinions. *Doan* does not lead us to a different conclusion. It established the rule that "concealment of an asset will bar exemption of that asset." *Doan,* 672 F.2d at 833. However, under the facts before it, the Eleventh Circuit held that the bankruptcy court's finding of fraudulent concealment was clearly erroneous. It reasoned that, because the debtors' actions evidenced no intentional or fraudulent concealment of their tax refund, or even bad faith, their exemption was not barred. *Id.* at 833–34. In contrast, Mr. Yonikus' actions reflected clear evidence of intentional concealment and of bad faith. We hold that the bankruptcy court's finding of fraudulent concealment was not clearly erroneous, and we affirm the resultant conclusions based upon those facts.

■ One last matter must be briefly considered. No hearing was conducted on the debtor's exemption claim. Mr. Yonikus contends that, under Bankruptcy Rule 4003(c), "[o]nly after a hearing on the objection can the court rule."

Rule 4003 establishes the procedure by which a debtor claims exemptions in property and a trustee or creditor files objections. Paragraph (c) presents the burden of proof requirement:

(c) **Burden of Proof.** *In any hearing under this rule,* the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

Fed.R.Bankr.Pro. 4003(c) (emphasis added). Nothing in the language of Rule 4003(c) requires a hearing. It is true that the rule governs hearings on requested exemption claims and objections thereto. *Templeton,* 146 B.R. at 758. A trustee is entitled to a hearing on his objection to a claimed exemption. *In re Vogel,* 78 B.R. 192, 193 (Bankr. N.D.Ill.1987). The rule clearly permits, but does not require, a hearing. In this case, the evidence presented with regard to the revo-

cation of Mr. Yonikus' discharge was evidence of the intentional and fraudulent concealment of both the personal injury lawsuit and the workers' compensation claim. No hearing on further evidentiary matters was sought, and none was necessary.

## IV.

The bankruptcy court's finding that Mr. Yonikus intentionally concealed the workers' compensation claim from the bankruptcy estate was not clearly erroneous. Fraudulent concealment, being clear evidence of the debtor's bad faith, was a proper ground for denying the exemption in that asset. Therefore the decision of the district court, affirming the bankruptcy court's disallowance of the debtor's claim of exemption in the workers' compensation award, is AFFIRMED.