**In re Colin S. SMITH, Debtor.**

**Nathan YORKE, Trustee,**
**Plaintiff/Appellee,**

v.

**BANK ONE WISCONSIN TRUST COM-**
**PANY N.A., as Trustee of the Elizabeth**
**A. Steffen Revocable Trust of 1993 and**
**Colin S. Smith, Defendant/Appellant.**

**No. 95 C 2858.**
**Bankruptcy No. 93 B 23665.**
**Adv. No. 94 A 01392.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 27, 1995.

Robert D. Nachman, Schwartz, Cooper, Greenberg & Krauss, Chicago, IL, for Colin S. Smith.

Louis W. Levit, Ira Phil Goldberg, Ross & Hardies, P.C., Chicago, IL, for Nathan Yorke.

### MEMORANDUM ORDER AND OPINION

GETTLEMAN, District Judge.

This appeal poses the timeless question whether, in the context of modern bankruptcy law, a person can insulate from his creditors an expected transfer of wealth from an aged and generous relative. The Bankruptcy Court ruled against the debtor, Collin S. Smith ("Smith"), who appeals that decision to this court pursuant to 28 U.S.C. § 158(a). The material facts are undisputed.

## FACTS

In 1979, Smith's aunt, Dr. Elizabeth A. Steffen ("Steffen"), established a trust. On August 9, 1993, Steffen a Wisconsin resident, simultaneously executed her will (the "Will") and "The Elizabeth A. Steffen Revocable Trust of 1993" (the "Trust"), revoking her 1979 trust. The Will provides that upon Steffen's death, substantially all of her property passes to the Trust. Further, from the Trust's inception, the trustee of the Trust (the "Trustee") was named as the beneficiary of: (1) Steffen's profit sharing trust (that contained $1,100,000); and (2) four Northwestern Mutual Life Insurance policies (having an aggregate face value of approximately $220,000). On September 15, 1993, Steffen amended the Trust. The Trust states that Steffen delivered $1 to the Trustee as the initial principal of the Trust. Accordingly, the beneficiaries of the Trust, through the Will and the Trustee, held an interest in Steffen's Profit Sharing Trust and life insurance policies.

The Trust provides that during Steffen's lifetime, Steffen is to be the Trustee, during which time the income and principal from the Trust will be available to her. Following Steffen's death, "[a]ll property that is, or becomes subject to the terms of this trust instrument at the time of [Steffen's] death or that passes to the [T]rustee as a result of [Steffen's] death shall be distributed and/or administered" according to several specified gifts and priorities. The Trust directs the following cash gifts: (a) the first $550,000 to a separate spendthrift trust for the benefit of Smith's mother (Steffen's sister); (2) $500,000 to one of Steffen's friends; and, (3) $300,000 to Smith.

On October 28, 1993, Steffen suffered a cerebral hemorrhage and was taken to a hospital, where she remained until her death on December 13, 1993. On November 9, 1993, Smith filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The parties have stipulated that on that date the trust had assets having a value of not less than $550,000 and not more than $590,000.

Nathan Yorke ("Yorke") was appointed trustee of Smith's bankruptcy estate. On November 15, 1993, based on Steffen's condition, Bank One Wisconsin Trust Company N.A. ("Bank One"), under a valid power of attorney, elected to succeed Steffen as Trustee. Between November 22, 1993, and December 13, 1993, Bank One, as Trustee, deposited cash and securities worth $652,922.81 into the Trust. Subsequent to Steffen's death, the proceeds from her Profit Sharing Trust ($1,104,470), Steffen's investment income ($68,411.45), and the proceeds of Steffen's four insurance policies ($221,688), totalling approximately $1,394,570, were deposited into the Trust. As of December 13, 1993, the trust held an aggregate total of more than $2 million.

Smith did not mention the provisions of Steffen's Will and Trust in his original petition or the attached schedule. At a meeting of creditors on December 23, 1993, ten days after Steffen's death, Smith stated under oath that he had no assets other than those listed on the schedule attached to his petition. On March 28, 1994, Smith filed an amendment to his petition schedules admitting that as of the date of his bankruptcy petition, Smith held an "Interest in decedent's estate of an aunt who died after the petition was filed." On July 12, 1994, Yorke received a letter from Smith's attorney requesting that Yorke execute a written disclaimer of interest in the $300,000 at issue. Yorke refused to sign the disclaimer.

## DISCUSSION

■ In an opinion dated March 31, 1995, the Bankruptcy Court held that the $300,000 Smith is to receive as a beneficiary of Steffen's Trust is part of Smith's bankruptcy estate under either 11 U.S.C. § 541(a)(1) or § 541(a)(5). Smith filed a timely appeal of that decision. This court reviews the bankruptcy court's legal conclusions *de novo. In re Yonikus*, 996 F.2d 866, 868 (7th Cir.1993).

The commencement of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code automatically creates an estate. Section 541(a) provides in part:

Such estate is comprised of all of the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the Debtor in property as of the commencement of this case.

\* \* \* \* \* \*

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the Debtor on the date of the filing of the petition, and that the Debtor acquires or becomes entitled to acquire within 180 days after such date—(A) by bequest, devise, or inheritance or ... (C) as a beneficiary of a life insurance policy or of a death benefit plan.

■ Whether a debtor has a legal or equitable interest in property is a question of state law, in this case the law of Wisconsin. *In re Yonikus,* 996 F.2d at 869. "The beneficiary of a trust can transfer his interest whether it is a present or future interest, and whether it is a vested or contingent interest." *In re McCoy,* 142 Wis.2d 750, 761 n. 9, 419 N.W.2d 301 (Ct.App.Wis.1987) (quoting, IIA Scott, The Law of Trusts § 132, p. 8 (4th Ed.1987)). Therefore, as a Trust beneficiary, under Wisconsin law, Smith held a transferable interest in Steffen's Trust at the time he filed the bankruptcy petition. The next issue, whether the interest is considered "property of the estate" under § 541(a), is a question to be decided under federal law. *In re Yonikus,* 996 F.2d at 869.

The Supreme Court has held that the term 'property,' as used in the Bankruptcy Code, must be "construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 514, 15 L.Ed.2d 428 (1966). "[E]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *In re Yonikus,* 996 F.2d at 869.

■ At the time of his petition, Smith had a contingent interest in Steffen's Trust. This interest was created by instruments that were in place at the time Smith filed his bankruptcy petition, including: (1) Steffen's Trust; (2) Steffen's life insurance policies; (3) Steffen's profit sharing trust; and (4) Steffen's Will. The beneficiary of Steffen's life insurance policies and profit sharing trust was the trustee of Steffen's Trust, the terms of the which state that following Steffen's death, "[a]ll property that is, or becomes subject to the terms of this trust instrument at the time of my death or that passes to the trustee as a result of my death shall be distributed and/or administered" according to the specified gifts and priorities.

Accordingly, because the Trustee as beneficiary of the insurance policies and profit sharing trusts was obligated under the Trust to distribute the money to Smith and the other named beneficiaries, Smith held a contingent interest in those funds as well as the funds that were to be distributed to the Trust under Steffen's Will. The court finds, therefore, that on November 9, 1993, prior to the transfers the trustee made into the Trust and prior to Steffen's death, Smith held an interest in Steffen's Trust.

At the time of his bankruptcy petition Smith held this interest under the terms of Steffen's Trust, subject to the following contingencies: (1) Steffen's death had to precede Smith's death; (2) the value from all of the assets that were subject to the interest of the beneficiaries through the Trust had to be more than $550,000 (the Trust designated that the first $550,000 be given to Smith's mother[1]); and, (3) Steffen could not change the terms of her life insurance policies, her profit sharing trust, or her Trust prior to her death in a manner that would have lessened or diminished the gift to Smith.

■ A beneficial interest in a trust is an equitable interest under § 541(a)(1) despite the fact that at the time of filing a bankruptcy petition the debtor's interest is unvested and contingent. *In re Neuton,* 922 F.2d 1379, 1382–1383 (9th Cir.1990). "The mere fact that the interest of the beneficiary is contingent and not vested does not preclude

---

**1.** Because the first $550,000 available for distribution to the beneficiaries was designated to the spendthrift trust for the benefit of Smith's mother, of the subsequent monies available Smith was entitled to approximately 34.5%, up to $300,000. As mentioned previously, the trust was ultimately funded to a level more than sufficient to pay the entire $300,000 designated for Smith.

creritors of the beneficiary from reaching it."
*Id.,* quoting, Restatement (2d) of Trusts
§ 162.

■ Smith asserts that any interest he
may have had in the Trust at the time of his
petition was a mere "expectancy." Smith
argues that under the Will and Trust he held
only "the possibility" that Steffen "might
choose in the future to contribute property to
the Trust." As set forth above, Steffen's
Will, profit sharing trust and insurance poli-
cies, at the time Smith filed his petition, all
named the Trust or the Trustee of the Trust,
as legal beneficiaries of those funds, and
stated that those funds be distributed to
Smith and the other named Trust beneficia-
ries. The contingent nature of the future
value of the funds, the possible changes that
could have been made to the documents, or
when in fact Smith would be eligible to re-
ceive the funds do not destroy the interest
Smith held at the time he filed his bankrupt-
cy petition.

In *In re Yonikus,* 974 F.2d 901 (7th Cir.
1992), the court held that the proceeds from
the bankruptcy petitioner's personal injury
claim were part of the petitioner's estate,
although: (1) the injury occurred prior to
filing the petition; (2) the complaint was not
filed until approximately four months after
filing the petition; and, (3) judgment was not
entered in the case until over two years later.
On a closer set of facts, the Bankruptcy
Court for the Southern District of Florida, in
a well reasoned opinion amply supported by
analogous case law, held that an interest in
an inter vivos trust was part of the bankrupt-
cy estate despite the fact that the interest
was contingent on the debtor's surviving the
donor, the trust was not amended, and the
trust assets were not spent. *In re Knight,*
164 B.R. 372 (S.D.Fla.1994).

Had Steffen changed any of the documents
after Smith filed his petition, the interest
Smith held at the time of his petition might
have become worthless or, perhaps, worth
less than the $300,000 Steffen had specified
originally. So long as that interest was
worth anything, however, its value was part
of Smith's estate. And, of course, under the
undisputed facts of this case, it was worth
the full $300,000.

The court therefore finds that Smith held a
future contingent beneficial interest of $300,-
000 under the Trust at the time he filed his
bankruptcy petition, and that this interest is
considered part of Smith's estate under
§ 541(a)(1). Because the court affirms the
Bankruptcy Court's opinion on these
grounds, the court does not reach the issue
whether the $300,000 is part of Smith's es-
tate under § 541(a)(5).

## CONCLUSION

For the above stated reasons, the court
affirms the Bankruptcy Court's decision that
the $300,000 Smith is entitled to under the
terms of Steffen's Trust were considered a
part of his estate under 11 U.S.C. § 541(a)(1)
at the time he filed his petition.