PER CURIAM.
Plaintiff Richard W. Watson brought this suit against H.J. Heinz Co. (“Heinz”) for, inter alia, misappropriation of trade secrets. The United States District Court for the Southern District of California held that because he was no longer the owner of any intellectual property, Watson lacked standing to bring the suit. Watson v. Heinz, No. 02-CV-0524 (S.D.Cal. Apr. 21, 2003). We affirm.
BACKGROUND
Watson claims he invented a novel cap for ketchup bottles, designed to trap (and prevent from exiting a bottle) the watery fluid that usually separates and rises to the top of ketchup bottles. On September 27, 1995, Watson submitted a description of his cap design to the Patent and Trademark Office’s (“PTO’s”) disclosure-document program.
After submitting his cap design to the PTO, Watson attempted to market the design to Heinz. The content of Watson’s discussions with Heinz representatives is a subject of dispute between the parties. Watson alleges that the discussions resulted in an oral contract, under which Heinz agreed that if Watson would disclose his cap design to Heinz then Heinz would keep Watson’s design confidential and compensate Watson if Heinz decided to use the design. Heinz denies that the parties entered into any such contract.
In any event, the record indicates that on December 5, 1995, Watson signed a Heinz-drafted form titled “Request for Consideration of Idea.” The form stated, inter alia, that Watson was submitting an idea for “a new improved container cap,” that Watson “acknowledge[dj and agree[d] that no compensation has been or is hereby promised with respect to [his] idea or the use hereof, and that all agreements as to compensation, if any, shall be in writing,” and that Watson “waive[d] and relinquish[ed] any rights which [he] may have [had] in connection with said idea, except as may be covered by a valid patent, trademark or copyright.”
On May 21, 1999, Watson and his wife filed for chapter 7 bankruptcy protection. Watson did not list his cap design or his alleged oral agreement with Heinz on the schedule of assets he was required to submit to the bankruptcy court.
*825 In the spring of 2000, Heinz began to market plastic ketchup bottles with a cap design called the “Trap Cap.” On May 9, 2000, Heinz filed a patent application claiming the Trap Cap’s design. This application issued as United States Patent No. 6,349,860 (“ ’860 patent”) on February 26, 2002.
On March 20, 2002, Watson filed suit against Heinz, alleging that the Trap Cap was based on the design he had disclosed to Heinz, and that Heinz had failed to compensate him for this design. Watson’s amended complaint included eleven causes of action: (1) misappropriation of trade secret, (2) breach of express contract, (3) breach of implied contract, (4) breach of confidence, (5) unjust enrichment, (6) breach of fiduciary duty, (7) fraudulent concealment, (8) unfair competition, (9) correction of inventorship (sole inventor), (10) correction of inventorship (joint inventor), and (11) patent infringement. The last three claims were directed at the ’860 patent.
In March 2003, Heinz moved for summary judgment on all of Watson’s claims and Watson cross-moved for summary judgment on his breach-of-contract claims. In his response to Heinz’s motion, Watson stated that he did not oppose entry of summary judgment on all of his claims save the claim for breach of express contract and the three claims directed at the ’860 patent.
On April 21, 2003, the district court dismissed Watson’s case for lack of standing; the district court did not reach the merits of the parties’ summary judgment motions. The district court determined that Watson’s claims were based on intellectual property that should have been listed on the schedule of assets that Watson submitted to the bankruptcy court. The district court held that “[t]he failure to disclose intellectual property assets results in the assets remaining property of the [bankruptcy] estate after discharge [of the bankruptcy],” and that because the bankruptcy estate still held the intellectual property at issue, Watson lacked standing to bring the suit. Watson v. Heinz, No. 02-CV-0524, slip op. at 3.
Watson timely appealed to our court, which has jurisdiction under 28 U.S.C. § 1295(a)(1).
DISCUSSION
11 U.S.C. § 541 provides that the commencement of a bankruptcy case “creates an estate” comprised of “all legal or equitable interests of the debtor in property,” save certain listed exceptions (none of which are applicable here). “[T]he term ‘property has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed.”[2] Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). “In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541.” In re Yonikus, 996 F.2d 866, 869 (7th Cir.1993). By operation of § 541, any interests Watson held in his cap design, or in his alleged contract with Heinz, passed to the bankruptcy estate when Watson and his wife filed for bankruptcy in 1999.
11 U.S.C. § 554 provides that “any property scheduled” that is “not otherwise *826 administered at the time of the closing of a case is abandoned to the debtor” but that “property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.” (Emphases added.) Thus, “[i]f [a debtor] fail[s] properly to schedule an asset ... that asset continues to belong to the bankruptcy estate and d[oes] not revert to [the debtor].” Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir.2001). Watson failed to schedule his cap design and his alleged contract with Heinz. Under § 554, this failure means any interest in the cap design or the alleged contract with Heinz remains with the bankruptcy estate.
The district court correctly held that Watson lacked standing to bring his claims against Heinz; these claims can be brought, if at all, by the bankruptcy trustee. We need not and do not reach Heinz’s alternative grounds for affirmance. Moreover, like the district court, we do not reach the merits of Watson’s claims.

. As the Seventh Circuit noted in In re Yonikus, "[although the Segal ruling was made under the Bankruptcy Act rather than the [Bankruptcy] Code, the [Code's] legislative history specifies that [Segal’s] holding is applicable under the Code.” 996 F.2d 866, 869 n. 3 (7th Cir.1993) (citing S.Rep. No. 95-989, at 82 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5868; H.R.Rep. No. 95-595, at 367 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6323).